## Ferguson *et al. versus* Staver.

To take a contract for the sale of land out of the Statute of Frauds, it is necessary that it should contain a description of the land sold.

If the subject-matter be described, parol evidence is admissible to apply the description to the land; but it cannot be admitted, first, to describe the land sold, and then to apply the description.

A vendor's declarations, after he has parted with the title, are not evidence to impeach the title of his vendees.

ERROR to the Common Pleas of *Clinton county.*

This was an ejectment by Frederick Staver against James Ferguson and Daniel Betts, for the undivided half part of a tract of 650 acres of land, in Gallaugher township.

Henry Kissel and Frederick Staver, the plaintiff, were the owners of the land in question, on which was a saw-mill, wherein they carried on the lumbering business, up to the 6th September 1851, when they agreed upon a dissolution, and executed the following instrument:—

*Clinton county, ss.*

Before me, the subscriber, a justice of the peace in and for said county, personally appeared Henry Kissel and Frederick Staver, and submitted their accounts for adjustment, and having examined them, a balance of one thousand one hundred and seventy-six dollars and thirteen cents ($1176.13) is due to Henry Kissel. The said Henry Kissel to pay Jacob Kissel for all the hauling done by him for the firm of Kissel & Staver, up to May 1st 1851, and to be entitled to all moneys due Kissel & Staver, arising from lumber sales at the saw-mill on Chatham's Run; and the said Frederick Staver agrees to pay all debts due by the firm of Kissel & Staver; and the said Henry Kissel to execute a deed, upon the payment of the above sum. And the parties have hereunto set their hands and seals this 6th day of September, A. D. 1851.

　　　　　　　　　　　　　FREDERICK STAVER, [L. S.]
Signed in the presence of　　HENRY KISSEL, 　　[L. S.]
　　E. B. PARKER, J. P.,
　　ANDREW C. KISSEL.

On the 12th September 1851, Henry Kissel and wife conveyed their undivided moiety of the premises to James G. Ferguson and Daniel Betts, the defendants, who subsequently recovered possession by an ejectment against the present plaintiff.

On the trial, the defendants gave evidence tending to prove

that the settlement of the 6th September 1851, was not a final one, but that Kissel was to have until the following Monday to say whether he would stand to it or not, and if he did not on that day agree to it, it was to go for nothing; and that Kissel, on the following Monday, notified Staver that he would not stand to the agreement. The plaintiff, thereupon, offered to prove that Kissel had stated, at different times, since the sale of the land to the defendants, that the sale to the plaintiff was a good and *bonâ fide* one; and that there were no conditions or time to rescind, claimed by him. To this the defendants objected, but the court below admitted the evidence, and sealed a bill of exceptions.

The defendants' counsel presented the following points, upon which they requested the court to charge the jury:—

1. That the agreement of 6th of September 1851, does not refer to the land for which the ejectment is brought, and is insufficient to convey or transfer the same to Frederick Staver, the plaintiff.

2. That the agreement of 6th September 1851, coupled with the testimony of E. B. Parker, constitutes only a parol sale, and would be void under the statute of frauds and perjuries, unless accompanied by possession delivered in pursuance of such sale.

4. That possession of the land by Staver, against the consent of Kissel, and obtained in any other way than in pursuance of the agreement, will not take the case out of the statute of frauds and perjuries.

The court below (BURNSIDE, P. J.), in answer to these points, instructed the jury as follows:—" Does the evidence satisfy you, that Kissel was to have until Monday? that the parties so agreed, and that Kissel signed the agreement, under the promise of Staver, that he was to have until Monday; if it does, your verdict should be for the defendants; but if you are satisfied that no time was given, that the bargain ended with the signing of the agreement, then your verdict must be for the plaintiff. This is the only question in the cause. Deeds and other written instruments are not to be disturbed, unless the evidence to change them is clear, distinct, and indubitable. They are solemn instruments—they cannot lie—they are the instruments of our title—do not depend on the frail memory of man—and to set them aside, on loose or unsatisfactory evidence, would produce unheard of confusion and disaster. But if you are satisfied that Kissel was to have until the next Monday, it was part and parcel of the contract—and your verdict should be for the defendants. On the other hand, if you believe that the bargain was concluded when the agreement was written and signed, then your verdict should be for the plaintiff, for the undivided half part of the tract of land in controversy."

[Ferguson *et al.* v. Staver.]

The court then read the several points put by the defendants' counsel, and said they would consider the first, second, and fourth points together, and instructed the jury, that it was for them to determine, whether the agreement of the 6th of September 1851, referred to the land in controversy; and that if they found it did, then the court answered those points negatively.

To this instruction the defendants excepted; and a verdict and judgment having been rendered for the plaintiff for the undivided half of the land, the defendants sued out this writ, and here assigned for error, *inter alia:* 1. The admission of the evidence mentioned in his bill of exceptions.   2. The answers to his 1st, 2d, and 4th points.

*McCallister & Armstrong*, for the plaintiffs in error, cited Smith v. Thompson, 2 *S. & R.* 49; Parrish v. Koons, 1 *Pars.* 94–6; Parkhurst v. Van Cortlandt, 1 *Johns. Ch.* 273, 281–4; 2 *Story's Eq.* §§ 756–8; Blagden v. Bradbear, 12 *Ves.* 466; Coles v. Trecothick, 9 *Id.* 252; Galbreath v. Galbreath, 5 *Watts* 149–50; Haslet v. Haslet, 6 *Id.* 464; Robertson v. Robertson, 9 *Id.* 42; 1 *S. & R.* 526; 9 *Id.* 47, 74; 12 *Id.* 328.

*Hale & Gamble*, for the defendant in error, cited Watson v. Blaine, 12 *S. & R.* 131; Wharf v. Howell, 5 *Binn.* 499; Bollinger v. Eckert, 16 *S. & R.* 424; Frederick v. Campbell, 14 *Id.* 293; 4 *Rawle* 130; McCulloch v. Cowher, 5 *W. & S.* 427; Bassler v. Niesly, 2 *S. & R.* 352; Clarke v. Vankirk, 14 *Id.* 354; 16 *Id.* 286; Rearick's Executors v. Rearick, 3 *Harris* 66; 1 *Jones* 233.

The opinion of the court was delivered by

LOWRIE, C. J.—Even if this judgment were to stand, we do not see how the sheriff could execute an *habere facias* otherwise than by putting the plaintiff into possession in common with the defendants.   But the parties have treated the case as a claim to exclude one who is wrongfully in possession as a tenant in common, and we shall take it so.

It is admitted, that Staver and Kissel were owners together of the land, and that Kissel conveyed his share to Ferguson and Betts. But Staver claims under a previous purchase from Kissel.   Does he show a title that is valid under the statute of frauds?   We think not.

There is a written settlement of partnership accounts between Staver and Kissel, and an agreement by Kissel to execute a deed; but a deed for what?   It does not even say for land; and, if it means land, it does not profess to say for what land.   The contract must be in writing.   Its subject-matter is an essential part of it—and without it, there is no contract.   If the subject-matter, the land, be described, we admit evidence in order to apply the descrip-

[Ferguson *et al. v.* Staver.]

tion to the land; but we cannot admit parol evidence, first, to describe the land sold, and then, to apply the description.    If authorities are wanted for this, they can be found in Soles *v.* Hickman, 20 *State Rep.* 182.    The defendants' first, second, and fourth points ought to have been affirmed; and, perhaps, more might have been asked for.

It was error to admit Kissel's declarations made after he had parted with his title; but the other exceptions to evidence are not sustained.

Judgment reversed, and a new trial awarded.