# Charles B. Boice, Appellant, *v.* Elizabeth E. Zimmerman and Charles Umsted.

*Evidence—Lease—Parol evidence to define the leased property.*

When an inspection of a lease does not disclose a self-contained description of the property intended to be leased, and something outside the description itself is necessary to determine just what is included in its terms, parol evidence is admissible to apply the description in the lease to the land intended to be included therein.

*Landlord and tenant—Lease—Construction of—Evidence.*

The question whether certain tenant houses were included in the farm premises intended to be leased, being the subject of parol evidence to define the purport of the written lease, evidence as to the respective rental values of the farm and the tenant houses was admissible, as bearing on the issue which was,—what was actually rented; and the instruction of the court was proper, which directed the consideration of the jury to the theory of the case as affected by such rental values of the tenant houses and the farm, as bearing upon the probability of the former having been included in the premises intended to have been let.

*Practice, Superior Court—Assignments of error—Isolated sentences.*

Isolated and disjointed sentences and parts of sentences from an entire paragraph, which should be read as a whole, should not be assigned for error, as they do not fairly represent the substance of what was said by the court.

Argued Nov. 18, 1896. Appeal, No. 30, Nov. T., 1896, by plaintiff, from judgment of C. P. Chester Co., Oct. T., 1894, No. 53, on verdict for defendants. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Replevin under landlord's distraint. Before HEMPHILL, J.

The facts appear from the opinion of the Superior Court as follows :

" The plaintiff below, who is the appellant here, became the lessee of one of the defendants, who is tenant for life of a farm described in a written lease duly executed by them both as ' All that certain messuage or tenement and tract of land situate in the Township of East Fallowfield aforesaid, adjoining lands of Alexander Mode, Strode Powell, William L. Hanthorn, Jona-

than W. Updyke and others, containing about 138 acres.' No draft of the property is presented in the appellant's paper-book nor have we been able to find in the testimony any evidence as to whether the adjoinders named surrounded the property completely, without including the 'and others.' On the one side of the farm fronting a public road stand three tenant houses, occupied at the time the lease was written and subsequently by tenants who were not employed upon the farm, who leased from and paid their rent to the defendant. At the expiration of a year after the original lease was written and after a lease for another year had been signed, the plaintiff claimed that the tenant houses were included in the lease. Whether the farm contains one hundred and thirty-eight acres, excluding the lot upon which these houses are built, or whether it requires the lot to be included to make the full complement of one hundred and thirty-eight acres described in the lease does not appear in the testimony. When the first payment of rent under the lease for the second year became due, the tenant failing to pay, a landlord's warrant was issued to compel payment of the balance alleged to be due, and his personal property levied upon. The plaintiff issued his writ of replevin, making the lessor in his lease and the officer who had made the distress defendants. An avowry was pleaded and the question for determination in the trial was whether or not any rent was due from the lessee to the lessor."

Verdict for defendants, finding the amount of rent due $173.77, and that the value of goods distrained upon is $867.50. Plaintiff appealed.

*Errors assigned* were, (1) in the ruling set forth as follows in the bill of exceptions sealed:

The witness, J. Ellis Zimmerman, on the stand:

" Q. What in your judgment is a fair rental for this property from your knowledge and experience with it? "

Mr. Talbot: I object.

The Court: I think it is admissible.

To which ruling counsel for plaintiff excepts and prays the court to seal a bill of exceptions thereto which is done accordingly.

Jos. Hemphill, judge: "Q. What in your judgment, based on your experience and knowledge of this property, is a fair rental value per year under the conditions of this lease? A. I think $350 is a very reasonable rent."

(2) In the general charge of the court as appears by the bill of exceptions wherein he said to the jury: "The lease here does not specifically, as I gather it from the reading of the lease, describe the tenant houses as being a portion of the property leased by Mrs. Zimmerman to Mr. Boice . . . . Standing then upon the lease alone and looking to that we find nothing therein to enable us specifically to state whether these tenant houses passed under that demise, under that lease from Mrs. Zimmerman to Mr. Boice."

To which part of the general charge the plaintiff's counsel excepted and prayed the court to seal a bill of exceptions thereto which is done accordingly.

(3) In the general charge to the jury as appears by the bill of exceptions wherein he said: "So that standing on the lease alone, with this testimony, if believed by you, you would be justified in finding that these tenant houses did not pass under the lease."

To which part of the general charge the plaintiff's counsel excepted and prayed the court to seal a bill of exceptions thereto which is done accordingly.

(4) In his general charge to the jury as appears by the bill of exceptions wherein he said: "Whether Mr. Zimmerman overlooked the instructions he intended to give and thought he had given to the 'Squire, or whether the 'Squire did not hear that or omitted by mistake the instructions given to reserve these tenant houses I say is not material."

To which part of the general charge the plaintiff's counsel excepted and prayed the court to seal a bill of exceptions thereto which is done accordingly.

*D. Smith Talbot* and *R. J. Monaghan*, for appellant.—The express mention of the farm matters does not imply exclusion from the other tenements: Jack v. McIntyre, 12 Clark & Fin. 156; Wood's Landlord and Tenant, p. 308; Hay v. Cumberland, 25 Barb. 595; Burton v. Brown, Cro. Jac. 643.

Even if there were an attempt at an express exception or res-

ervation the same would receive a narrow construction : Smith's Landlord and Tenant, p. 103 ; Taylor's Landlord and Tenant, (7th ed.) sec. 161.

The line of another property may serve as a monument so as to control courses and distances in the description of land in a conveyance or lease whose boundaries are to be fixed : 4 Sharswood & Budd's Leading Cases on Real Prop. 362.

The evidence taken on the trial was not of that character which would justify the court, sitting as a chancellor, to permit the jury to reform the lease and exclude the tenant houses from the premises expressly described in the lease : Phillips v. Meily, 106 Pa. 536 ; Thomas v. Loose, 114 Pa. 35 ; Barber v. Mullen, 176 Pa. 331 ; Hand v. Russell, 1 Pa. Superior Ct. 165 ; Brewery Co. v. Thomeier, 2 Pa. Superior Ct. 354.

" Parol evidence is not admissible to show that land, which, according to the description of the boundaries in the lease, is included in the demise, is not so in point of fact : " Wood's Landlord and Tenant, p. 309.

In such a case as this the tenant may offer in evidence anything arising out of the lease which tends to show that the rent claimed by the landlord is not due : Morris on Replevin (2d ed.), 165 ; Fairman v. Fluck, 5 W. 516 ; Weber v. Rorer, 151 Pa. 487.

*Alfred P. Reid,* for appellee.—The lease did not explicitly describe the premises. Hence, whether the tenant houses were embraced in the lease or not was open to parol proof, and was for the jury : Thompson on Trials, par. 1461 ; Steigleder v. Marshall, 159 Pa. 77.

" Where the description in a deed is so vague and indefinite that it was necessary to resort to other evidence for the purpose of determining the location of the dividing lines, it became a question for the jury under all the circumstances : " Smith v. Horn, 168 Pa. 372 ; Risdon v. City of Philadelphia, 18 W. N. C. 73 ; Centenary M. E. Church v. Cline, 116 Pa. 146 ; Smith & Fleck's Appeal, 69 Pa. 474 ; Peart v. Brice, 152 Pa. 277 ; Ferguson v. Staver, 33 Pa. 411 ; Wood's Landlord and Tenant, 468.

" It is competent to show by parol evidence to what premises the lease applies, although upon its face it is clearly enough expressed, yet, an ambiguity arises from extrinsic circum-

stances:" Wood's Landlord and Tenant, p. 467: Sargent v. Adams, 3 Gray, 72.

Wherever the terms of an agreement are equivocal or doubtful, or the language of a contract is ambiguous, the interpretation of it by the parties is entitled to great, if not controlling, influence: Straus & Son v. Wanamaker, 175 Pa. 213; Jackson v. Perrine, 35 N. J. L. 137.

OPINION BY BEAVER, J., December 7, 1896 (after stating the facts as above):

If the tenant houses were included in the lease and the lessee were entitled to the rents thereof, there would have been practically nothing due. If, on the other hand, the tenant houses were not included in the lease, then the lessee was in default, the landlord's warrant was properly issued, and the defendants entitled to recover.

The only question involved in the case was, therefore, the simple one as to whether or not these tenant houses were included in the lease of the 16th of March and the lease for the following year which, although not printed in the paper-books, seems to have been dated prior to the 31st of March, 1894, and was in the main in the terms and language of the lease of the previous year. It is evident from an inspection of the lease itself that it does not include a self-contained description of the property intended to be leased. Something outside the description itself is necessary to determine just what is included in its terms. Under the authority of Ferguson v. Staver, 33 Pa. 411, and many later cases, parol evidence was undoubtedly admissible to apply the description in the lease to the land intended to be included therein. The plaintiff could have shown by parol testimony that the description included the tenant houses and the defendant might have shown that it did not. Neither party seems to have done this directly in a way that is in any sense satisfactory. Parol evidence was admitted by the court without objection to show that the tenant houses in the original negotiations made by Ellis Zimmerman, on behalf of his mother, with the lessee were excluded, and that the scrivener was directed to exclude them in the written lease. Whatever the object of the appellee in offering and introducing this testimony, it was evidently considered by the court as insufficient

to be submitted to the jury for the purpose of reforming the lease on the ground of mistake, but was allowed to be considered as bearing upon the question of the application of the description contained in the lease to the premises intended to be included therein, and for this purpose we think it was competent and relevant.

The first assignment of error relates to the admission of the testimony of J. Ellis Zimmerman as to the rental value of the farm. We think the evidence was competent and was properly received as bearing upon the question as to whether or not the houses were included in the written lease under the description contained therein. If the farm were actually worth $350 and the rents received from the tenant houses were equal to about the one half of that amount, the inference would be almost irresistible that the houses were not included and that there had been no intention to include them in the description contained in the written lease.

The portions of the charge embraced in the second and third assignments of error are entirely proper, when read in connection with the remainder of the paragraph from which they are taken. After a careful reading of all the testimony of both sides, so far as printed, relating to the description of the property contained in the lease and its application to the premises, we cannot now determine, as the court below was unable to determine from the lease itself, whether the tenant houses were included in the written lease or not. These two assignments select sentences and parts of sentences from an entire paragraph of the charge which should be read as a whole. Although correctly quoted as to language, they do not fairly represent the substance of what was said by the court. The whole paragraph is as follows:

" The lease.here does not specifically, as I gather it from the reading of the lease, describe the tenant houses as being a portion of the property leased by Mrs. Zimmerman to Mr. Boice, nor does it include the tenant houses by description of metes and bounds. As I recall the description of the property in the lease, it, by adjoining owners, describes the property as being bounded by so and so, and containing one hundred and thirty-eight acres. Standing then upon the lease alone, looking to that, we find nothing therein to enable us specifically to state

whether those tenant houses passed under that demise, under that lease from Mrs. Zimmerman to Mr. Boice. Interpreting it then by itself and without reference to any parol evidence, the law would be that, if these tenant houses had been used in connection with the farming operations or were necessary to the enjoyment and use of the farm, they would necessarily pass under the general terms of the lease to the tenant. To satisfy you that they had not been used in connection with the farm and that they were not necessary to its use and enjoyment, the defendant here, Mrs. Zimmerman, called her son Ellis Zimmerman, whose testimony on that point at least is not contradicted, and tells you that for the eight years which he was on the property these tenant houses were never used as tenant houses for farm purposes or in connection with the farm, and that they were not necessary to the use and enjoyment of the farm, but were rented to laborers who worked outside of the farm property; so that, standing on the lease alone, with this testimony, if believed by you, you would be justified in finding that these tenant houses did not pass under the lease, for the simple reason that they had not been used in connection with the farming operations for a period of at least eight years, and that they were not necessary to the use and enjoyment of the farm property, which is corroborated I may say by the fact that they were not used during the whole period that Mr. Boice remained upon the property in connection with farm operations. So, not being necessary to the use and enjoyment of the farm and not having for some years been used in connection with it, I say you would be justified in finding in favor of the defendant, unless the contract between the parties was different." There is no error in this, considering the theory of the case upon which it was submitted to the jury.

The quotation from the charge of the court in the fourth assignment of error is also incomplete and does not correctly represent the thought which the trial judge intended to convey. After commenting upon the testimony of Ellis Zimmerman in regard to the negotiations with the plaintiff, in which it was alleged that the tenant houses were specifically excluded, and that in giving direction to the scrivener for the preparation of the lease, he was directed to exclude them, and that of 'Squire Cloud who acted as the scrivener, the trial judge in his charge

goes on to say: "So there is a conflict of testimony there, but not a very material one, I take it, because whether Mr. Zimmerman overlooked the instructions he intended to give and thought he had given to the 'squire, or whether the 'squire did not hear them or omitted by mistake the instructions, if given, to reserve these tenant houses, I say is not material. The material point in issue is, what was the contract between the parties?" In other words, the question as to whether a mistake was made is not material. The real question is, what was included in the description contained in the contract? Under all the facts of the case, the question of the application of the description contained in the writing was for the jury under proper instructions. Such instructions, as we view the case, they had. Their finding should not be disturbed.

It may be proper to say here that it would have been much more satisfactory to us, if the letters which were offered in evidence by the defendant, dated respectively October 19, 1893, February 9, 1894, and March 31, 1894, and October 5, 1894, and the second lease offered in evidence by the plaintiff, had been printed with the other testimony in the case.

A careful review of the entire case fails to disclose any error and the judgment is, therefore, affirmed.