## Vafias v. Young.

*Real estate — Option to purchase — Acceptance of — Statute of frauds— Damages for repudiation of option.*

1. The statute of frauds does not require that an option to purchase land be signed by both parties. It is sufficient if it be in writing and signed by the vendor if accepted by the vendee. Nor is it necessary that the vendee give written notice of his election to accept the option.

2. In an action by the vendee for damages for breach of a covenant to convey land, if there is no evidence of expense incurred or substantial loss sustained, the plaintiff is entitled to at least nominal damages.

3. An agreement for the purchase of land at the option of the vendee only is not for that reason so void of mutuality that on election and notice it will not be enforced. The contract created by the election to take under the option is not open to such objection. From the time the vendee gives notice that he elects to take, the contract becomes one of sale, mutually binding on the parties. On exercise of the option, the vendor is bound to convey and the vendee is bound to pay the purchase money.

Affidavit of defense raising question of law. C. P. Lancaster Co., May T., 1926, No. 41.

*John E. Malone,* for plaintiff.

*F. Lyman Windolph* and *F. S. Groff,* for defendant.

LANDIS, P. J., March 26, 1927.—The plaintiff's statement avers that, on Oct. 20, 1923, the defendant executed and delivered to the plaintiff a written option to purchase the property on the southwest corner of Prince and Orange Streets for the sum of $25,600; that, at that time, it was agreed that Vafias was to enter into a new agreement on or before Oct. 27, 1923, for the purchase of the said property, and should, at the time of executing the new agreement, pay $500 in cash·and the balance of the purchase money on April 1, 1924; that, on Oct. 27, 1923, he tendered the defendant $500 in cash and an agreement to pay the balance on April 1, 1924; but that the defendant refused to accept the said cash payment and also refused to enter into the agreement or to convey the property to the plaintiff. It further asserts that, by reason of the breach of the contract, the plaintiff has sustained certain damages.

The defendant has filed an affidavit of defense raising a question of law. He states therein that the contract, as alleged, is unenforceable and void, and that the memorandum set forth in the statement of claim is not sufficient to take the case out of the statute of frauds; that it does not set forth any tender of the purchase price and does not set forth the damages legally recoverable.

An agreement for the purchase of land at the option of the vendee or lessee only is not for that reason so void of mutuality that on election and notice it will not be enforced. The contract created by the election to take under the option is not open to such objection. From the time the lessee or vendee gives notice that he elects to take, the contract becomes one of sale, mutually binding

on the parties. On exercise of the option, the vendor is bound to convey and the vendee is bound to pay the purchase money. In Yerkes v. Richards, 170 Pa. 346, it was decided that: "In an action to recover damages for refusal to comply with an option to sell land, where the evidence for the plaintiff, though contradicted, tends to show that the option was obtained in entire good faith, and that a tender was made, and a conveyance of the property demanded in accordance with the terms of the agreement, the case is for the jury."

Mr. Justice Elkin, in Barnes v. Rea (No. 2), 219 Pa. 287, said: "An option is not a sale. It is a right of election in the party taking the same to exercise a privilege, and only when that privilege has become exercised by acceptance in the manner specified in the agreement does it become an absolute contract, binding upon both parties. It is simply a contract by which the owner of property agrees with another person that he shall have the right to buy his property at a fixed price within a certain time. By such an agreement, he does not sell his land, nor does he at that time enter into an absolute contract to sell and convey, but he does agree to sell something; that is, the right or privilege to buy at the election or option of the party with whom the agreement is made. The optionee under such an agreement takes, not lands, nor even an absolute agreement that he shall have lands conveyed to him, but he does get something of value; that is, the right to call for a conveyance of the lands if he elects to purchase in the manner specified. The owner parts with his right to sell his lands, except to the second party, for a limited period. It is a unilateral agreement containing the terms and conditions upon which the optionor agrees to sell and convey his land not yet ripened into an absolute contract to sell and convey on one side and to purchase and pay on the other. . . . If such an agreement is based on a valid consideration, it is a binding contract and may be enforced." See, also, Boyer v. Nesbitt, 227 Pa. 398.

The statute of frauds, while it requires the contract to be in writing, does not require it to be signed by both parties. It is sufficient if it be signed by the vendor—the party to be charged—if the vendee accepted it: Lowry v. Mehaffy, 10 W. 387; McF'arson's Appeal, 11 Pa. 503; Shoofstall v. Adams, 2 Grant, 209; Simpson v. Breckenridge, 32 Pa. 287. Nor is it necessary that the notice of plaintiff's election to take the land under the option given in the contract should be in writing. If the contract sets out the parties and the consideration and adequately describes the subject-matter, it is sufficient. *Id certum est quod certum reddi potest:* Smith & Fleck's Appeal, 69 Pa. 474. If the subject of the contract is described, parol evidence is admissible to apply the description to the land: Ferguson v. Staver, 33 Pa. 411.

In Milligan v. Dick, 107 Pa. 259, it was held that, "on a breach by the vendor of a parol contract for the sale of real estate, the vendee may recover in *assumpsit* so much of the purchase money as he has actually paid; it is no defence that under the statute of frauds the contract of sale cannot be specifically enforced;" and in Durham v. Wick, 210 Pa. 128, that: "A buyer can recover from the seller for breach of a parol contract to sell and convey land so much of the purchase money as was actually paid."

The amount generally to be recovered as damages in such a case is another proposition. In Hennershotz v. Gallagher, 124 Pa. 1, it was held that: "In an action by the vendee to recover damages for the breach of a covenant to convey land, where the plaintiff has not paid the purchase money and no evidence is adduced that the land is of greater value than the sum agreed to be paid, he can recover but nominal damages." In Harlan v. Underwood, 22 Lanc. Law Rev. 366 (which was tried in this court), it was shown on the trial that the plaintiff agreed to buy from the defendant and the defendant agreed to

sell to the plaintiff a certain residence and dental office located in Lancaster City, together with the defendant's dental practice. A few days after this agreement was made, the defendant sent word to the plaintiff that he would not carry out the contract and agreement. There was no proof of any expense incurred or loss sustained by the plaintiff by reason of the said contract, and the jury were instructed that if they found that the contract was made and that it was broken, the plaintiff was entitled to recover; also, that, as the plaintiff had failed to prove any substantial damages, he was only entitled to recover nominal damages.

Therefore, in this case, if the jury find that the option was given and that the plaintiff offered to carry it out, but that the defendant refused and thus created a breach of the contract, the plaintiff may recover damages; but if he does not show that, before the notification of the breach of the contract, he suffered any substantial damages, then the verdict would be at least for nominal damages.

We are of the opinion that at this time the question of law must be decided in favor of the plaintiff; and the defendant is now ordered within fifteen days to file an affidavit of defense to the facts of the case.

From George Ross Eshleman, Lancaster, Pa.