MARY B. BROWNE *vs.* JOHN W. MCDONALD, executor.

Suffolk.    March 12. — June 30, 1880.    ENDICOTT & SOULE, JJ., absent.

A contract, the duration of which is not fixed, to pay a reasonable compensation for the board, tuition and clothing of a person whom the promisor is not bound to support, is terminated by the death of the promisor; and an action cannot be maintained against his executor for anything subsequently furnished, although the executor has not given notice of the death.

CONTRACT on an account annexed, against the executor of the will of Bernard O'Reilly, for board, tuition, clothing and other necessaries furnished to the testator's niece, Margaret O'Reilly, from April 13, 1875, to April 13, 1877. Trial in the Superior Court, without a jury, before *Brigham*, C. J., who found for the plaintiff, and ordered judgment for the full amount claimed; and the defendant alleged exceptions. The facts appear in the opinion.

*C. F. Donnelly*, for the defendant.

*W. S. Stearns*, for the plaintiff.

MORTON, J. The only contract between the plaintiff and the defendant's testator, which the evidence tends to show, is one which is revocable by either party at any time. The latter placed his niece in the school of the plaintiff and agreed to pay a reasonable compensation for her board, teaching, and such articles of clothing as should be furnished to her. There was no stipulation that she should remain for any definite time, and the testator might have removed her at any time and thus have terminated the contract. It was a contract which was to continue at the will of either party, and either might terminate it at any time upon reasonable notice. We are of opinion that the death

of the testator terminated this contract; and therefore that the defendant was entitled to the ruling which he requested, that the plaintiff was not entitled to recover for any items of her account furnished after she had notice of the death. The estate is held for all liabilities existing at the death of the testator. But it is not held for a liability created after his death, under a contract which was to continue in operation at his will, and which makes no provision for a continued operation after his death.

The fact that the executor did not give the plaintiff formal notice of the death is immaterial. The testator was not bound to support his niece. His doing so was an act of charity. The executor had no right to bind the estate by an agreement to continue this charity, and his neglect to give notice of the death could not indirectly bind the estate to an obligation which he could not directly impose upon it.      *Exceptions sustained.*