No. 12,669.

## CLEGG *v.* BAUMBERGER, ADMINISTRATOR.

ATTORNEY AND CLIENT.—*Complaint for Conversion.*—*Decedents' Estates.*—*Administrator.*—A complaint by an administrator, alleging that his intestate, during life, placed a note in the hands of the defendant, an attorney, for collection, and that after the death of the intestate the defendant collected the amount due on the note and converted it to his own use, states a cause of action.

SAME. — *Payment to Unauthorized Person.* — *Tender Prior to Conversion.*— Where an attorney assumes to act for an administrator in the collection of a claim placed in his hands for that purpose by the decedent, and the administrator believes he is so acting for him, it is no defence to a suit by the latter for conversion, that the defendant had paid the money collected by him to another person, nor is it a defence that prior to the conversion he had made a tender of it to the plaintiff.

From the Clark Circuit Court.

*J. H. Stotsenburg* and *M. Z. Stannard,* for appellant.

*J. K. Marsh,* for appellee.

ELLIOTT, C. J.—The substance of the appellee's complaint is, that he is the administrator of the estate of Jacob Baumberger, deceased ; that his intestate, during life, placed in the hands of the appellant a note and mortgage which the appellant, as an attorney at law, agreed and undertook to collect ; that, after the death of appellee's intestate, the appellant collected the amount due on the note and mortgage and converted it to his own use.

We perceive no force in the appellant's objections to the complaint. Whether the appellant had, or had not, a right to collect the amount due on the note and mortgage, is not material, for, if he did collect the money and convert it after the death of the intestate, a right of action exists in the administrator. It is true, as counsel contend, that the relation of attorney and client was dissolved by the death of the latter. *Gleason* v. *Dodd,* 4 Met. (Mass.) 333 ; *Balbi* v. *Duvet,* 3 Edw. Ch. 418 ; *Risley* v. *Fellows,* 10 Ill. 531 ; *Judson* v. *Love,* 35 Cal. 463 ; *Whitehead* v. *Lord,* 7 Exch. 691.

But we can not understand how the attorney can reap any advantage from this rule of law, for, if it was wrong for him to continue to act as an attorney, he can not take advantage of that wrong and upon it justify a conversion of his client's money. If it was right for him to continue to act as an attorney, he must pay over what he received for his client to his client's legal representative, and can not make it his own by a conversion; if it was wrong, he can not take advantage of that wrong.

We do not deem it necessary to comment upon the evidence at length, for there is evidence not only tending to support the finding upon every material point, but satisfactorily supporting it. The evidence shows, without material conflict, that Clegg was the attorney of the decedent prior to his death, and subsequently of his administrator. He had, therefore, no authority to turn over the money collected by him to any other person than the client entitled by law to receive it.

An attorney can not delegate his authority, and, certainly, that would not be tolerated in a case like this, where the attorney leads the client to believe that he is acting for him. Weeks Attorneys, 246. In this instance the appellant assumed to act as the appellee's attorney, and the latter believed that he was so acting, and it is no defence that the appellant, having got the money into his own hands, subsequently paid it to a person selected by himself to represent his client.

An attorney is not excused by once making a tender of the money collected for his client, if he subsequently converts it. If he converts the money by making a wrongful use of it, he must answer to his client, although he may have, at some time prior to the conversion, tendered it to the client. We do not, therefore, examine the question as to the sufficiency of the evidence upon the subject of a tender, for, granting that it was duly made, it will not justify a subsequent conversion.

Judgment affirmed.

Filed Jan. 5, 1887; petition for a rehearing overruled June 28, 1887.