67  613
170s 179

# Estate of Everett B. Preston v. C. L. Smith.

1. CONTRACTS—*For Personal Services—Performance of.*—Contracts for personal service which can only be performed during the lifetime of the party contracting are subject to the implied condition of his continuing to live and be in health to perform them, and are terminated by his death or incapacity from illness.

2. SAME—*For Sales at a Valuation to be Fixed by Persons Named.*—Contracts for sale at a valuation price, to be fixed by persons named, are impliedly conditional upon those persons surviving and making the valuation, and are terminated by their death before doing so, the valuation stipulated for having thus become impossible.

**Claim in Probate.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

## STATEMENT OF THE CASE.

This case originated in the Probate Court of Cook County, where the appellee herein filed his claim against the appellant estate, for the sum of $6,820.10, based upon a certain contract.

Upon the hearing before that court, the claimant, the appellee herein, was allowed his claim to the extent of $207.91, against the appellant estate as of Class 7; the court holding that the contract in question was a personal one, and terminated upon the death of Preston.

Appellee herein took an appeal to the Circuit Court of Cook County. The case coming on to be heard in the Circuit Court, was, by agreement of counsel, submitted to the court for trial, trial by jury therein being waived.

The contract upon which the claim is based is as follows:

"CHICAGO, Ill., Sept. 11th, '91.

This agreement entered into between C. L. Smith, of Cleveland, O., and E. B. Preston & Co., of Chicago, Ill.

From the date above mentioned the said C. L. Smith agrees to give said E. B. Preston & Co. the exclusive right of manufacturing and selling a certain improved hose attach-

ment and swivel, patented August 20, 1889, patent number 409,512, and that he has not disposed of any right or portion of right to any other person previous to this agreement.

E. B. Preston agrees to furnish C. L. Smith with what his wants may be of this hose attachment, of any size manufactured, at a margin of twenty per cent above cost, said cost to be agreed upon, and he shall retain the right to sell these goods at market price, agreed upon between him and said E. B. Preston & Co.

It is mutually agreed that E. B. Preston & Co. shall push the sale of this swivel by advertising, exhibiting and soliciting trade by their traveling salesmen or other employes; shall keep at all times in stock, such quantities as will supply the market for demand, and to use their best efforts to create a large demand and a heavy sale of this article.

Said E. B. Preston & Co. further agree that the royalty paid to said C. L. Smith shall equal at least four hundred and fifty dollars ($450) per annum. In case they do not reach this amount, this agreement can be canceled by C. L. Smith, and a new one made that will be satisfactory to him.

The said E. B. Preston & Co. further agree to pay C. L. Smith, on or before the 15th of each month following the sales of the hydrant swivels, a royalty of fifty cents per dozen on all three-fourths hydrant swivels sold. If any larger size be manufactured hereafter, a price in royalty will be made that will be satisfactory.

Said E. B. Preston & Co. will furnish said C. L. Smith with statements of sales of this swivel, with sales of each size, and E. B. Preston & Co.'s books shall be open to C. L. Smith at any and all times covering sales of this swivel.

Signed this eleventh (11th) day of September, 1891.

E. B. PRESTON & Co.,

By C. E. JENKINS, Mgr.

C. L. SMITH."

Upon the trial of the cause, appellee herein filed in the Circuit Court as his bill of particulars, upon which he would rely upon the trial of said cause, the following:

" The above claimant, C. L. Smith, for greater particularity, states that in this action he relies upon the special guar-

anty of deceased defendant, Everett B. Preston, that the royalty paid to this claimant under the contract herein filed, shall equal at least four hundred and fifty dollars per annum; alleging that at the time of the filing of this claim two years' default of said guaranty had been made, and by reason of the death of the said Everett B. Preston, and by virtue of the statute, viz., section 67, of chapter 3, of the Revised Statute of Illinois, there is due to this claimant, under said contract, eleven years, at four hundred and fifty dollars per year, making a total claim of five thousand eight hundred and fifty dollars."

Upon the trial of the case, the court found in favor of the appellee, less an agreed set-off of five hundred and twenty-four dollars and forty-nine cents, on the basis stated in the bill of particulars, deducting, however, a rebate for interest from each year's payment.

The defendant estate, the appellant herein, insisted that the contract had been terminated by the following notice of cancellation:

"Chicago, Ill., Sept. 10, 1894.

C. L. Smith, Esq., Springfield, Ill.

DEAR SIR: We hereby notify you that we elect to and do hereby cancel a certain contract signed by you and E. B. Preston & Co., by C. E. Jenkins, manager, dated Chicago, Illinois, September 11, 1891, having reference to the manufacture and sale of a certain improved hose attachment and swivel, patented August 20, 1891, patent number 409,512, and that we will proceed no further under that contract. We cancel this contract because the patented article has proved to be unsalable, and the contract running for no definite time, we have the privilege, after the first year, of canceling the contract when we see fit.

We do not, by this letter, mean to admit any liability to you under this contract, except for royalties on the hose attachment and swivels actually sold by us thereunder. As to these royalties we are, and always have been, willing to account to you at any time.

Yours truly,

E. B. PRESTON & Co."

Upon receipt of this notice, appellee served upon E. B. Preston & Co., the following:

"Chicago, Sept. 17, 1894.

E. B. Preston & Co., care Flower, Smith & Musgrave, Chicago, Ill.

GENTLEMEN: I do not understand that you have the right to cancel, without my consent, a certain contract signed by your company and myself, dated Chicago, Illinois, September 11, 1891, and I hereby notify you that I shall adhere to that contract, and if you fail to perform your part of it, I shall hold you liable for all damages.

C. L. SMITH."

Appellant insisted that as Everett B. Preston, who did business as E. B. Preston & Co., had, since the entering into said contract, and after serving the above notices, died, such death terminated said contract.

The finding of the court was for four hundred and fifty dollars per year for the remaining term of thirteen years, less interest.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant.

McGLASSON & BEITLER, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

A right to, in a certain contingency, cancel the contract, was reserved to appellee, while Preston had no such privilege. The attempt by Preston to bring the undertaking to an end was nugatory, and properly treated by appellee as such.

The agreement was a personal undertaking upon the part of Preston, which he could not transfer, and which did not, at his death, devolve upon his executors.

In effect, the contention of appellee is that the executors of E. B. Preston are bound for twelve years to continue " to furnish " C. L. Smith with what his wants may be of this hose attachment, of any size manufactured, at a margin

of twenty per cent above cost, said cost to be agreed upon, "he retaining" the right to sell these goods at market price, agreed upon between "him" and said executors; and that the said executors "shall push the sale of this swivel by advertising, exhibiting and soliciting trade by their traveling salesmen, or other employes; and shall keep at all times in stock such quantities as will supply the market for demand, and to use their best efforts to create a large demand and a heavy sale of this article."

In other words, that these executors are bound to continue for twelve years to carry on the business of the late E. B. Preston.

The contract under consideration contains no such compact. It is manifest that the parties contemplated the personal services of Mr. Preston, his endeavors, skill and effort, and not that of persons appointed to administer upon his estate.

The agreements mentioned, to be made as to cost and prices, were to be between appellee and Mr. Preston, not between his executors and "C. L. Smith."

Contracts for personal service which can only be performed during the lifetime of the party contracting, are subject to the implied condition of his continuing to live and to be in health to perform them, and are terminated by his death or incapacity from illness. Leake on Contracts, 1st Ed., 704; 5 Am. & Eng. Ency. of Law, 136; Pollock's Principles of Contract, 367; Bishop on Contracts, Sec. 600; Tasker v. Shepherd, 6 H. & N. 575; Geipel v. Smith, L. R., 7 Q. B. 404; Marvel v. Phillips, 162 Mass. 399; Howe Sewing Machine Co. v. Rosenstein, 24 Fed. Rep. 583; Taylor v. Caldwell, 3 B. & S. 826; Dickinson v. Callahan's Adm'rs, 19 Pa. St. 227; Robson v. Drummond, 2 B. & Ad. 303; Browne v. McDonald, 129 Mass. 66; Spalding v. Rosa, 71 N. Y. 40.

Contracts for sale at a valuation price, to be fixed by persons named, are impliedly conditional upon those persons surviving and making the valuation, and are terminated by their death before doing so, the valuation stipulated for, having thus become impossible. Leake on Contracts, 1st Ed. 639; Milnes v. Gery, 14 Ves. 400.

For only what was earned up to the time of the death of Mr. Preston, is appellee entitled to prove against his estate.

The judgment of the Circuit Court to such amount, being for the sum of $207.91, is affirmed; and the residue of the judgment of the Circuit Court is reversed.

Appellant will recover costs in this court. Affirmed in part and reversed in part.