PUGH v. BAKER.

(October 9, 1900.)

1. *Liens—Crops—Administrator—Laborer.*

> A laborer may enforce his lien on crops in hands of a wrongdoer, after death of employer, without bringing in the administrator.

2. *Lien—Laborer—Employer.*

> A laborer's lien filed after the employer's death, is valid, though the employer is named. in the caption instead of the administrator.

3. *Executor and Administrator—Employe.*

> A contract by which a landowner hires another to make crops is binding on personal representatives of landowner, even where part of service is after death of employer.

CIVIL ACTION by Augustus Pugh against George W. Baker, heard by Judge *H. R. Starbuck,*at Spring Term, 1900,BERTIE Superior Court.

A jury trial was waived and the case subimtted upon following facts, agreed to by counsel:

"That on January 1, 1898, Wiley Carter, deceased, hired Augustus Pugh to cultivate his home tract of land, do general menial service and work thereon for the year 1898, at $10 per month. This action was commenced December 5, 1898, and there was due said Pugh, up to November 1, 1898, $100. Wiley Carter died April 5, 1898, and no administration was taken out on his estate until May, 1899. Said Pugh filed a lien with H. P. Harrell, the nearest Justice of the Peace to said Wiley Carter's home tract of land. No actual notice of the filing of lien was given to defendant Baker, until the commencement of this action. Said Baker knew that Pugh was a laborer on said farm. Baker, in September, 1898, seized and converted to his own use $219 of the crops raised on said farm, and cultivated by Pugh's labor. This was all the crops raised. The seizure was in an action of claim and delivery brought by said Baker against Henrietta Carter and Wiley P. Carter, widow and son of Wiley Carter. Pugh was no party to said action. No action has been commenced to enforce the lien, the notice whereof was filed November 10, 1898, unless this be such an action."

Lien: "The said Augustus Pugh hereby files his lien on the crops of cotton, corn and fodder raised during the year 1898 on the tract of land situate in Bertie County, North Carolina, on which said Wiley Carter lived on the 1st day of January, 1898, adjoining the lands of Mrs. M. L. Wood, S. C. Doughty, and the road from Roxobel to Lewiston, for his labor on said farm from the 1st day of January, 1898, to

November 1, 1898, under a special contract with said Wiley Carter entered into on the 1st day of January, 1898, whereby said Augustus Pugh contracted with said Carter to work as a laborer on said farm, in cultivating the same, from the 1st day of January, 1898, to the 1st day of January, 1899, at the rate of $10 per month, to be paid at the end of each month, making $100. There was raised on said land a crop of cotton and corn, both of which were worked and cultivated by said Augustus Pugh. That the fodder and corn have been gathered. That nothing has been paid on said contract, and there is now due thereon $100. That H. P. Harrell is the nearest Justice of the Peace to said farm. This, November 10, 1898. Augustus Pugh. Sworn to," etc.

The foregoing facts were agreed to, subject to the following motion of defendant to dismiss plaintiff's action upon the pleadings: "The undersigned moves to vacate and dismiss the lien filed in this proceeding for that: (1) Because the same is filed without making the administrator of Wiley Carter, who is now dead, a party to said proceedings in lien, and there is no authority in law for filing same; (2) for that the plaintiff cultivated the said land on which the crops covered by said lien were raised after the death of Wiley Carter, in the early Spring of the year 1898, and without a contract with the administrator of the said Wiley; (3) for that a lien can not be validly filed against a dead man, Wiley Carter, defendant in said lien, being dead. Wherefore, he prays that said lien be vacated and dismissed."

Judgment: "This cause coming on for hearing upon the record, and upon an agreed statement of facts to be found on file," etc., "the Court having considered the record and the facts submitted, it is, on motion of ......, attorneys for defendant, ordered and adjudged that the plaintiff recover nothing in this action, and that this action be dismissed, and

defendant recover of plaintiff his costs," etc.   "*H. R. Star-buck,* Judge," etc.

From this judgment plaintiff appealed.

*Francis D. Winston, R. B. Winborne* and *St. Leon Scull,* for plaintiff.

*Robert B. Peebles,* for defendant.

Montgomery, J.   This case is before us upon the following facts agreed:   On January 1, 1898, Wiley Carter, now deceased, hired Augustus Pugh to cultivate his home tract of land, do general menial service and work thereon, for the year 1898, at $10 per month.   This action was commenced on December 5, 1898, and there was due to Pugh up to November 1, 1898, $100.   Wiley Carter died on April 5, 1898, and no administration was taken out on Wiley Carter's estate until May, 1899.   Pugh filed a lien with W. T. Harrell, the nearest Justice of the Peace to the tract of land. No actual notice of the filing of the lien was given to the defendant Baker, until the commencement of this action. Baker knew that Pugh was a laborer on the Carter farm. Baker, in September, 1899, seized and converted to his own use all the crops raised on the farm and cultivated by Pugh's labor, of the value of $219.   The seizure was made in an action for the recovery of personal property against the widow and son of Wiley Carter.   No action has been commenced to enforce said lien, the notice whereof was filed November 10, 1898, unless this proceeding be such an action.   His Honor, upon the record and the agreed facts, adjudged that the plaintiff could not recover, and dismissed the action.   The defendant contended here that this action could not be maintained against him for the reasons—First, that the paper-writing filed before the Justice of the Peace was not sufficient

in law to constitute a lien; and, second, that, if such paper did constitute a lien, yet it can not be enforced against the defendant, because the debt was not proved and reduced to a judgment against the administrator of Wiley Carter; and, third, because the plaintiff worked on the farm and crops after the death of Carter without a contract with the administrator, and therefore was entitled to recover nothing for his services.

We have examined the lien with care, and we are of the opinion that it constitutes a good and valid lien against the crops mentioned therein. The fault which the defendant finds with it is that it was entitled in the Justice's Court, "*Augustus Pugh v. Wiley Carter*," when the fact was that Carter was dead at the time of the filing of the lien. But that is not a valid objection. The object of the law, in requiring it to be filed with so much particularity, is to give public notice of the plaintiff's claim, and especially to give notice with certainty as to details to those who may be interested in the property upon which the lien is filed. Every reasonable requirement was met by the plaintiff, and the use of the name of the deceased employer in the caption of the proceeding did not affect the force and virtue of the lien. If the caption had been stricken out, or never used, the body of the lien set forth every necessary requirement, and gave a reasonable notice to every person as to the object of the plaintiff, including the contract with the deceased employer, a proper location and description of the land upon which the plaintiff performed his services, and a particular description of the crops cultivated by him thereon. The filing of a lien, then, for work and labor done upon crops or buildings, is a proceeding in rem, and, if sufficient in form and substance under the statutes, would be good and valid, even though it appeared that the person who owned the buildings or crops at the time of making the contract had died before the filing of the lien.

It is true that if there had been an attempt on the part of the plaintiff to enforce his lien against the estate of Carter, or against the crops in the hands of the administrator or the heirs at law of Carter, then it would have been necessary for the plaintiff to have brought the personal representative into Court for the purpose of reducing the claim to judgment, as required by section 1790 of The Code. But the crops had been taken into possession of the defendant under a claim of ownership and under process of law, and the contention was shifted as to the plaintiff's debt and his superior lien from a contention against the personal representative to one with the defendant, a wrong-doer.

But the defendant contends that the relation of debtor and creditor must be shown to have existed between the estate of Carter and the plaintiff, and that the plaintiff could not show indebtedness of the estate of Carter to himself, because, as matter of law, upon the death of Carter early in the Spring, the plaintiff had no contract with the administrator of Carter to continue the work, and therefore was entitled to no compensation. In our investigation in our own Reports, we find no decision directly on this point, but we are of the opinion that the contract made by Carter, the employer, with the plaintiff did not end with the death of Carter. The plaintiff was employed by Carter, not at the will of Carter, but by the year, payments to be made monthly for his work, and the appointment of an administrator, and his ratification of the contract of his decedent, during the year 1898, could not have affected, one way or the other, the original contract between the plaintiff and Carter. The plaintiff did exactly what he contracted to do with Carter, and that contract was binding on Carter during his life, and on his personal representative after his death. But we find elsewhere numerous authorities for this position. "Under a contract for employment for a

specified time, the employe may recover from the personal representative as such for the whole term, though part of the services were rendered after the employer's death." 8 Am. and Eng. Enc. Law (2d Ed.), p. 1008, and cases there cited. Especially do we hold that that principle of law is a sound one when applied to the hiring of persons by the owners of land by the year to make crops. The plaintiff, upon the facts agreed, should have had judgment against the defendant for the amount due him. There was error in the judgment of the Court below, and the same is reversed.

Reversed.