HARRISON J. BARRETT *vs.* EDWARD S. TOWNE & others,
executors.

A. S. WORTHINGTON *vs.* SAME.

Hampden.    October 1, 1907. — November 26, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Contract*, Construction, Termination.   *Evidence*, Presumptions and burden of proof.
   *Agency.   Attorney at Law.*

Where, in a contract, there are no express words of limitation, the presumption is
   that the promisor intends to bind his personal representatives.

At the trial of an action of contract against the executor of the will of one who,
   when his brother was under indictment jointly with the plaintiff for the alleged
   commission of a crime, had instructed the plaintiff to undertake the work of
   preparation of the defence to the indictment and had agreed with him to pay
   to him one half of the expenses that might be incurred, it appeared that,
   before any of the expenses necessary to the defence had been incurred, the
   defendant's testator died, and the executor verbally notified the plaintiff that he
   would not recognize any liability for further outlays by the plaintiff unless spe-
   cifically authorized by the executor, but the plaintiff in reply asserted his in-
   tention to proceed under the agreement with the defendant's testator, to which
   the executor replied that whatever agreement the testator had made would
   be carried out.   The plaintiff continued with the preparation of the defence
   and the persons under indictment finally were acquitted.   The defendant con-
   tended that the contract between his testator and the plaintiff was terminated by
   the testator's death and the notice by the executor.   *Held,* that the defendant's
   testator intended to agree to pay one half of the entire expense incurred while
   the proceedings against his brother lasted, and did not intend to retain any
   control over the work of the plaintiff, that the relation of principal and agent
   had not existed between the plaintiff and the testator, but one of contract, and
   that the contract was not terminated by the death of the testator nor by the
   conversation between the plaintiff and the executor.

At the trial of an action of contract against the executor of the will of one who,
   when his brother was under indictment for the alleged commission of a crime,
   interviewed the plaintiff, an attorney at law, and stated that he " wished to
   engage his services to defend his brother," whom he wanted " defended from
   the beginning to the end," and that he would leave it to the plaintiff to make
   the best defence possible, it appeared that, after the plaintiff had rendered
   some services, the testator died, and that the plaintiff then continued with the
   preparation and trial of the case and the brother finally was tried and acquitted.
   The defendant contended that the contract between the plaintiff and the de-
   fendant's testator was terminated by the testator's death, and that the plaintiff
   could recover only for services rendered before the testator's death.   *Held,* that
   the intention of the defendant's testator was to pay for services to be rendered
   by the plaintiff " from the beginning to the end " of the case against his brother,
   and that he did not intend to exert or retain any control over the plaintiff in

the defence of the case, that the relation of attorney and client had not existed between the plaintiff and the testator, but one of contract, and that the contract was not terminated by the testator's death.

TWO ACTIONS OF CONTRACT to recover for disbursements made and services rendered by the plaintiffs in accordance with agreements of the defendants' testator with the plaintiffs, severally, to pay for the expense of the defence of his brother James N. Tyner, under indictment with the plaintiff Barrett in the Supreme Court of the District of Columbia. Writs in the Superior Court for the county of Hampden dated October 24, 1905.

The cases were tried together before *Schofield*, J., without a jury, who refused to rule that the contract made by each plaintiff with the defendants' testator was terminated by the death of the testator, and that, therefore, the plaintiffs could recover only for disbursements made and services rendered before such death, and found for the plaintiffs, and the defendants excepted. The facts are stated in the opinion.

The cases were submitted on briefs.

*N. P. Avery* for the defendants.

*J. B. Carroll & W. Hamilton*, for the plaintiffs.

BRALEY, J. These are actions of contract to recover for disbursements incurred and professional services rendered at the request of the testator in behalf of his brother, who had been jointly indicted with the plaintiff Barrett for a conspiracy under the provisions of U. S. Rev. Sts. § 5440. The contract into which the parties entered at the time Barrett was employed to assist in the defence is stated by the auditor in these words: " The testator expressed to the plaintiff his desire that on account of his brother's reputation and his own wish to clear his name the best possible defence should be made, and as it was impossible for his brother, by reason of his physical condition, to assist in the preparation, he instructed the plaintiff to undertake that work, and he promised and agreed with the plaintiff to pay him one half of the expenses that might be incurred." The contract with the plaintiff Worthington, who was engaged in the general practice of law at Washington, where the auditor finds that he had achieved a high reputation for professional skill and ability, is equally comprehensive. To him the testator said, that

"he wished to engage his services to defend his brother. . . . He wanted him defended from the beginning to the end, and would leave it to the plaintiff [Worthington] to make the best defence possible ; that so far as his brother's defence involved the defence of Barrett, . . . if the trial or trials were upon joint indictments, the plaintiff should take up the defence of the two, and if the trial was of Barrett alone upon a separate . . . indictment, then he assumed no pecuniary responsibility for such defence." In reliance upon these respective agreements each plaintiff accordingly devoted himself to the preparation and trial of the case, which took place after the testator's death, and resulted in an acquittal. They are severally barred from recovery, however, although the actual disbursements made and the value of the professional services performed after death comprise in each case very nearly the whole of the claim, if, as the defendants assert, the performance of the contracts depended upon the continued existence of the life of the testator. In the first case, they contend that the promise, being strictly personal, died with the promisor, and, in the second, that the relation of attorney and client had been established between the plaintiff and their testator, which also was terminated immediately upon his death. *Browne* v. *McDonald*, 129 Mass. 66. *Marvel* v. *Phillips*, 162 Mass. 399, 401. *Gleason* v. *Dodd*, 4 Met. 333, 341.

Undoubtedly, at common law, when not coupled with an interest, the death of the principal revokes the authority of the agent. The agency ceases, because the power to act is dependent upon the control and direction of another, which has been withdrawn by death. *Combes's case*, 9 Co. 75a. *Farnum* v. *Boutelle*, 13 Met. 159. *Marlett* v. *Jackman*, 3 Allen, 287, 294. *Lincoln* v. *Emerson*, 108 Mass. 87. *Brown* v. *Cushman*, 135 Mass. 368. *Bank of New York* v. *Vanderhorst*, 32 N. Y. 553, 555. *Long* v. *Thayer*, 150 U. S. 520. Compare *Cassiday* v. *M'Kenzie*, 4 Watts & S. 282 ; *Ish* v. *Crane*, 8 Ohio St. 520 ; *S. C.* 13 Ohio St. 574 ; *Dick* v. *Page*, 17 Mo. 234 ; *Lewis* v. *Kerr*, 17 Iowa, 73 ; *Carriger* v. *Withington*, 26 Mo. 311 ; *Deweese* v. *Muff*, 57 Neb. 17. If the plaintiffs had died it may be conceded that the contracts would have then terminated, for performance by them depended entirely upon their personal efforts. *Marvel* v. *Phillips*, 162 Mass. 399. *Kernochan* v. *Murray*, 111

N. Y. 306.  *Campanari* v. *Woodburn*, 15 C. B. 400.  But, as no act was required to be done either by the testator himself or in his name, a complete performance was possible without any direction or intervention on his part.  If at his own expense he had procured the attendance of a physician to treat his brother until cured of a physical ailment, or had contracted with a grocer to furnish him provisions for a year, there would be great difficulty in saying that in either instance his death during performance ended all further liability because his estate was not bound.  Manifestly such a construction instantly would defeat the very object for the accomplishment of which he purposely had obligated himself.  In principle the present case must be treated as parallel with the illustration.  Neither were the various services to be performed, nor was the case to be conducted in his behalf.  The guilt or innocence of the decedent was not in issue, but that of his brother with whom Barrett had been joined.  They only were the principals and clients, without whose consent and cooperation the case could not be prepared for trial, and without whose authority counsel could not lawfully appear in their defence.  After such appearance, they alone would be bound by the acts and admissions of their attorney made in the course of litigation, and until it was finally closed.  *Lewis* v. *Sumner*, 13 Met. 269.  *Wieland* v. *White*, 109 Mass. 392.  *Moulton* v. *Bowker*, 115 Mass. 36.  *Eliot* v. *Lawton*, 7 Allen, 274.  *Stone* v. *Bank of Commerce*, 174 U. S. 412, 422.  The employment of the plaintiffs was coextensive with the subject matter with which the parties dealt, and they were not only engaged to assist in its preparation, but to make " the best defence " of the brother's case.  This duty involved securing witnesses and procuring their attendance, with the payment of all necessary incidental expenses which might be necessary either before or during the trial itself.  No express limitation of time within which these services should be performed or the required disbursements made was named.  Very plainly the plaintiffs rightly understood that the testator contemplated and intended that the period of performance should be measured solely by the time which ordinarily would be requisite in the orderly progress of litigation of this class and magnitude.  *Adams* v. *Foster*, 5 Cush. 156.  *Folsom* v. *McDonough*, 6 Cush. 208, 209.  *Lowe* v. *Harwood*, 139 Mass.

133. *Minneapolis Gas Light Co.* v. *Kerr Murray Manuf. Co.*
122 U. S. 300.   The general rule is settled, that, where express
words of limitation to the contrary are not found, the presump-
tion is that the promisor intends to bind his personal representa-
tives. *Harrison* v. *Conlan*, 10 Allen, 85, 86.   See *Mills* v. *Smith*,
193 Mass. 11.   The intention of the parties furnishes the true
criterion, which must be gathered from the language they em-
ploy, while each case as it arises must be decided largely upon
its particular facts.   It was the testator's unqualified purpose to
procure an acquittal of his brother through the means of a full
preparation of the defence and the professional efforts of com-
petent counsel, by becoming pecuniarily responsible, as he cer-
tainly did, to pay all expenses.   *Stone* v. *Walker*, 13 Gray, 613.
But his undertaking went no further.   He did not intend to as-
sume the power of control, either by himself, or by a substitute,
over the proceedings at any stage.   The alleged conspirators,
while thus receiving the benefit of his aid, were left absolutely
free to conduct their own case from beginning to end as they
deemed best and the requirements of appropriate legal procedure
demanded.   If thus construed, each contract remained in force
so long as this condition of affairs compelled the active continu-
ance of the services of the respective plaintiffs.   It therefore
survived the death of the testator, and his executors became
bound to its performance.   *White* v. *Allen*, 133 Mass. 423.   *Eliot
National Bank* v. *Beal*, 141 Mass. 566, 570.   *Drummond* v. *Crane*,
159 Mass. 577.   *Phillips* v. *Blatchford*, 137 Mass. 510, 514.
*Grapel* v. *Hodges*, 112 N. Y. 419.   *Janin* v. *Browne*, 59 Cal. 37,
44.   *McCann* v. *Pennie*, 100 Cal. 547.   *Volk* v. *Stowell*, 98 Wis.
385, 393.

Nor was this obligation discharged by the conversation be-
tween the plaintiff and one of the executors before any indebted-
ness on the items in the first case had been incurred.   In response
to a verbal notice then given, that they would not recognize any
liability for further outlays unless specifically authorized, the
plaintiff asserted his intention to proceed under the contract.
The immediate reply, that " whatever agreement " the testator
" made in his lifetime would of course be carried out," must be
treated as an assent to conform to its terms.

In the first case, the second, seventh and eighth requests for

rulings not having been argued must be treated as waived, and in both cases, for the reasons stated, the other rulings, which are made the subject of the exceptions, properly were refused.

*Exceptions in both cases overruled.*