**SPURR, Ex'x, v. PRYOR & STOKES.**

No. 13001—Opinion Filed May 27, 1924.

Rehearing Denied Nov. 12, 1924.

**1. Attorney and Client—Death of Client as Termination of Contract.**

If a party employs an attorney to take control of the defense of another charged with the commission of a crime, the death of the former does not terminate the contract of employment.

**2. Principal and Agent—Effect of Principal's Death as Affecting Contract.**

If the performance of the contract is not dependent upon the control and direction of the employer, the death of the principal does not affect the contract. and the agent may proceed with its performance.

**3. Executors and Administrators—Intent of Contract to Bind Personal Representatives.**

The presumption is that the promissor intends to bind his personal representative by the terms of the contract unless express words of limitation or the nature of the subject-matter show the contrary.

**4. Judgment Sustained.**

Record examined; held. to be sufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Seminole County; J. W. Bolen, Judge.

Action by Pryor and Stokes against Maud Spurr. as executrix, for debt. Judgment for plaintiffs. Defendant brings error. Affirmed.

John W. Willmott and R. J. Roberts, for plaintiff in error.

Cutlip & Horsley, for defendants in error.

Opinion by STEPHENSON, C. W. H. Spurr employed the plaintiffs to defend him and one of his employes by the name of Phillips, who stood charged in the U. S. Commissioner's court with the unlawful sale of intoxicating liquor. The charges against the defendants arose in the course of the operation of a drug store by W. H. Spurr. In the examining trial. the defendants were bound over to await the action of the district court. The defendant Spurr died prior to his trial in the district court, and Maud Spurr. his wife. was appointed executrix of his estate. The plaintiffs defended Phillips in the trial of the case in the district court, and secured his acquittal by the verdict of the jury. The plaintiffs presented their claim to the executrix for her approval for the services rendered the deceased in his lifetime. and for the defense of Phillips. The executrix refused to allow the claim against the estate and this suit followed. In the trial of this cause the defendant claimed that she discharged the attorneys prior to the trial of Phillips, and that the estate was not liable for the claim. The issue was joined between the parties on this contention and judgment went for the plaintiffs in the trial of the cause. The main contentions relied on by the defendant for the reversal of this appeal, are:

(1) That the death of W. H. Spurr terminated the contract of employment.

(2) That the defendant had the right to discharge the plaintiffs when she elected to do so.

The death of Spurr ended the purpose of the contract of employment in behalf of the deceased. but the estate is bound for the services rendered for him by the plaintiffs in the examining trial. The contract of employment for the benefit of Phillips placed the direction. management. and control of the defense with the plaintiffs. Neither the terms of the contract nor its subject-matter required the aid or presence of the principal to enable the plaintiffs to give the required services. If the principal does not retain the control and direction of the agent in the performance of the services, the death of the former does not terminate the contract of employment. Barrett v. Towne. 196 Mass. 487. 82 N. E. 698. 13 L. R. A. (N. S.) 643; Pugh v. Baker, 127 N. C. 2. 37 S. E. 82; Toland v. Stevenson. 59 Ind. 485: Keys Estate. 21 Am. St. Rep. 896. The contract will

continue as a binding obligation on the personal representative of the deceased unless by its express limitation, or the nature of the subject-matter, the contrary is made to appear. Lacy v. Getman, 119 N. Y. 109, 6 L. R. A. 728, 16 Am. St. Rep. 806, 23 N. E. 452, 6 L. R. A. 728; Drummond v. Crane, 159 Mass. 577; MacDonald v. O'Shea, 58 Wash. 169, 108 Pac. 436; Ann. Cas. 1912. A. 417. But the application of these rules depends upon the parties fixing the time for performance, or. that it was contemplated that the contract would be completed within a reasonable length of time. Brown v. McDonald, 129 Mass. 66. If time is not fixed for the performance and it would require an indefinite period of time to complete the contract, or the nature of the subject-matter shows that it is personal, the death of the principal will terminate the contract. Cox v. Martin, 75 Miss. 229, 21 South. 611, 65 Am. St. Rep. 604, 36 L. R. A. 800. If the contract is not of a personal nature, the death of the principal does not terminate the contract unless made so by the express provisions of the contract. Drummond v. Crane, 159 Mass. 577, 35 N. E. 90, 38 Am. St. Rep. 460, 23 L. R. A. 707. If the agency is not coupled with an interest, the death of the principal terminates the powers of the agent. Campbell v. Faxon. 73 Kan. 675, 85 Pac. 760; 5 L. R. A. (N. S.) 1002; Arming v. Steinway. 71 N. Y. Supp. 810; Casto v. Murray (Ore.) 81 Pac. 883. The underlying reasons for the application of this principle first found expression in Hunt v. Rousmanier, 8 Wheat. (U. S.) 174, 5 L. Ed. 589. The contract of employment involved in this case survived and was binding on the defendant. as the personal representative of the deceased. Barrett v. Towne, supra.

We concede the contention of the defendant that she might terminate the contract of employment, as she attempted to do, but in that event the estate would be held liable for the damages suffered by the plaintiffs by any wrongful action of the defendant. U. S. v. Jarvis, 26 Fed. Cases, 587; Ownesboro Wagon Co. v. Hall, 143 Ala. 177; Sec. Trust Co. v. Elsworth, 129 Wis. 349; Arthur v. Oakes, 63 Fed. 310, 11 C. C. A. 209, 25 L. R. A. 414.

The issues of fact were fairly submitted to the jury and the verdict is amply supported by the evidence.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.