RAINEY *v.* LAFAYETTE LOAN AND TRUST COMPANY.

[No. 13,960.   Filed September 23, 1930.   Rehearing denied November
25, 1930.   Transfer denied March 27, 1931.]

*George S. Rainey,* for appellant.
*Arthur D. Cunningham,* for appellee.

REMY, J.—John P. Ryan was charged by affidavit with feloniously taking the life of James Stapleton, husband of Nellie Stapleton; the latter, by verbal contract, retained George S. Rainey, an attorney at law and appellant herein, to assist in the prosecution; as one of the witnesses testified, Rainey was employed to act as attorney "until the case was finished, until it was brought to a conclusion." After his employment, Rainey was appointed a deputy prosecutor for that particular case. Shortly before the trial, Nellie O'Neal Stapleton died, and the Lafayette Loan and Trust Company was appointed administrator of her estate. At the time of the trial of Ryan, the prosecuting attorney was assisted by Rainey without any contract other than his contract with Mrs. Stapleton. Following the trial, Rainey filed his claim against the estate of Nellie O'Neal Stapleton for legal services rendered in the prosecution. The claim, which was in the form of an itemized account aggregating $1,300, was disallowed. Later, a trial of the claim without additional pleadings resulted in an allowance for Rainey in the sum of $275, the exact amount which he claimed, as shown by his itemized account, was due him for services rendered prior to the death of Nellie O'Neal Stapleton. Insisting that the recovery was too small, Rainey filed his motion for new trial. The administrator also filed motion for new trial, claiming that there should have been no recovery. Each of the motions was overruled, and this appeal followed. Cross-errors were also assigned.

We shall first consider the question raised by the cross-errors assigned. The contention is that, since Rainey was deputy prosecutor under appointment of the prosecuting attorney, his contract of employment with Nellie O'Neal Stapleton was contrary to public policy and void. The contention is without merit. Rainey's appointment was by the prosecuting attorney, with the approval of the trial court, to assist in the one case, and was made after he had been employed by Mrs. Stapleton. The exact question has, by the Supreme Court, been determined adversely to appellee's contention. *Keyes* v. *State* (1890), 122 Ind. 527, 23 N. E. 1097. See, also, *Wood* v. *State* (1883), 92 Ind. 269; *Siebert* v. *State* (1884), 95 Ind. 471; *State* v. *Kent* (1895), 4 N. D. 577, 62 N. W. 631, 27 L. R. A. 686; *Gardner* v. *State* (1892), 55 N. J. Law 17, 26 Atl. 30. A further discussion in this opinion is, therefore, unnecessary.

On the trial, the court found that the legal services rendered by appellant prior to Nellie O'Neal Stapleton's death were of the value of $275, as claimed by appellant in his complaint, and for that amount the claim was allowed. Clearly the trial court took the position that appellant's contract with his client was terminated by her death; and thus was raised the important question presented by this appeal.

It is, of course, true, as a general proposition, that the death of one of the parties does not of necessity terminate the contract. One of the exceptions to this rule is as to the contract creating the ordinary relations of attorney and client. The general rule is that such ordinary relation of attorney and client is terminated by the death of the client. *Harness* v. *State, ex rel.* (1877), 57 Ind. 1; *Clegg* v. *Baumberger* (1887), 110 Ind. 536, 9 N. E. 700; *Teter* v. *Irwin* (1911), 69 W. Va. 200, 71 S. E. 115, Ann. Cas. 1913A 707; *McCornick* v. *Shaughnessy* (1911), 19 Idaho 465, 114 Pac. 22, 34

L. R. A. (N. S.) 1188; *Pedlar* v. *Stroud* (1897), 116 Cal. 461, 48 Pac. 371; *Cisna* v. *Beach* (1846), 15 Ohio 300, 45 Am. Dec. 576; *Clifton* v. *Clark* (1904), 83 Miss. 446, 36 So. 251, 66 L. R. A. 821, 102 Am. St. 458, 1 Ann. Cas. 396. This is in accordance with the general principle applicable to other agents.

Under the facts as shown by the record, the contract between Mrs. Stapleton and Rainey did not create the ordinary relation of attorney and client. The case in which Rainey was to act as an attorney was not Mrs. Stapleton's case—a case to be conducted in her behalf; nor did she retain the direction and control of the performance of the services, which, as stated, were to be performed for the State of Indiana. The character of the services was such that complete performance was possible without the presence or direction of Mrs. Stapleton. It necessarily follows that her death did not terminate the contract, and that the trial court erred in limiting Rainey's recovery to that part of his account representing services rendered prior to Mrs. Stapleton's death. *Barrett* v. *Towne* (1907), 196 Mass. 487, 82 N. E. 698, 13 L. R. A. (N. S.) 643; *Spurr* v. *Pryor & Stokes* (1924), 104 Okla. 68, 230 Pac. 267. See, also, *Toland* v. *Stevenson* (1877), 59 Ind. 485; 3 Williston, Contracts §1941.

It is suggested by appellant that, at the trial of the cause, appellee did not formally tender the issue as to the effect of Mrs. Stapleton's death prior to the trial. That was not required. Under §100 of the Decedents' Estates Act (as amended Acts 1883 p. 151, ch. 121, §8166 Burns 1926), it was unnecessary for the administrator to plead any matter by way of answer, except set-off and counterclaim.

Judgment reversed, with instructions to grant a new trial.