DICK, EXECUTOR OF DOUGHTY, Respondent, *vs.* PAGE & BACON, Appellants.

1. The rule that the act of an agent, after the death of his principal, is void, only applies to those acts which must be done *in the name* of the principal, and not to those which the agent may do in his own name. Thus, where A., as agent of B., after B.'s death, but before either A. or C. knew of it, deposited notes with C., as collateral security for advances, which notes were paid to C., *it was held*, that B.'s administrator could not recover of C. the proceeds of the notes.

*Appeal from St. Louis Court of Common Pleas.*

*Knox & Kellogg,* for appellants. The appellants were entitled to retain so much of the money collected on the collaterals as would pay them the amount advanced by them. 4 Watts & Serg. 282. 5 T. R. 214. Strange, 506. 12 Modern, 346. 2 Vesey, jr., 111. 10 Mees. & Wels. 1. Story on Ag. §470. The revocation of an agency by death should not be distinguished in its effects from a revocation by act of the parties. The rights of those who deal with the agent in good faith should be protected, until they have notice of the death of the principal.

This is a case of great hardship on the defendants unless they can successfully resist this suit. The same principle which would enable the plaintiff to recover here, would preclude the defendants from recovering against Doughty's estate, even if it were solvent. It has also been held, that the agent is not liable for money advanced under such circumstances. Story on Ag. §265. 10 Mees. & Wels. 1.

*F. A. Dick,* for respondent. The acts of Nicholson, after the death of Doughty, are not binding upon the latter's estate, and the fact that both parties were ignorant of the death of Doughty cannot be allowed to change the course of administration. 2 Kent's Comm. 645. *Hunt* v. *Rousmanier,* 8 Wheat. 174. *Riggs* v. *Cage,* 2 Humph. (Tenn.) Rep. 350.

Dick, Executor of Doughty, *v.* Page & Bacon.

*Harper* v. *Little*, 2 Greenl. Rep. 14. *Blades* v. *Free*, 9 B. & C. 167. *Galt* v. *Galloway*, 4 Pet. 332, 344. *Watson* v. *King*, 4 Camp. 272.

Scott, Judge, delivered the opinion of the court.

This was an action in the nature of assumpsit, brought by the respondent against the appellants, for money received by them, belonging, as it was alleged, to the testator of the respondent. There was a judgment for the respondent. It appears that Page & Bacon were bankers in St. Louis, doing the business of buying and selling bills of exchange, and that the testator of the respondent dealt with them; that he, being in bad health and about to leave St. Louis, requested Bacon to call and see him; that Bacon did so, and Doughty asked him to make advances to his agent, if he should call upon him for money; that Nicholson, the agent of Doughty, was present, and Doughty charged him, whether he lived or died, to secure, Page & Bacon for any advances they might make on his account. After this, Doughty went to New Orleans and died on the 11th day of March, 1851. Afterwards, on the 19th day of the same month, Nicholson, the clerk and agent of Doughty, wanting funds for his business, purchased of Page & Bacon a bill of exchange on the east for $2,000, and placed in their hands, as collateral security, notes to an amount exceeding twenty-six hundred dollars. All these notes, except one, were paid to Page & Bacon. This suit is brought to recover the money so received. It is admitted, that none of the parties to this transaction had notice of the death of Doughty at the time it took place, and there would have been no question as to the authority of Nicholson, had Doughty been alive at the time the acts were done. The money received by Nicholson from Page & Bacon was applied to the payment of the debts of Doughty. On these facts, a judgment was rendered in favor of the plaintiff.

1. Chancellor Kent, in speaking of the revocation of the

authority of an agent, says, that it is determined by the death of his principal. 2 Kent, 645. It is moreover said, that the equitable principle of the civil law, that the acts of an agent, done *bona fide* after the death of the principal, and before notice of his death, are valid and binding on his representatives, does not prevail in the English law.

This principle, which is sustained by American and English authorities, is applied to those cases in which a right is claimed through an act done by an agent in the name of his principal, who was dead at the time the act was done. The idea is, that such an act is a necessary link in the chain of title to the right asserted, and without showing the authority of the agent, there can be no recovery. The cases of *Watson* v. *King*, 4 Camp. 264; *Harper* v. *Little*, 2 Greenl.; *Shipman* v. *Thompson*, *Wynne* v. *Thomas*, Willes' Rep., are of this class. The case of the *King* v. *The Corporation of Bedford Level*, 6 East, it is conceived, has nothing to do with this case, as the point of it is, that a deputy register cannot do a valid act after the death of the register. In the case first above cited, the reason is given in which the English law is founded, which is, that a valid act cannot be done in the name of a dead man. Where a right is claimed, or a defence is set up, grounded on an act done by an agent in pursuance to his power in the name of his principal, and it is shown, that the principal was dead at the time the act was done, the rule above stated may interpose an obstacle in the way of him who relies on the act of the agent. There are respectable authorities which maintain, that the common and civil law harmonize on this subject. So the law is understood to be in Pennsylvania. Chitty, in his work on commerce and manufactures, 223, states the law to be, that the acts of a legal agent may be good after the death of his principal, before notice thereof to those who are interested in his acts, as being done under a color of authority which strangers could not examine. Russell, another English author, in his work on factors and brokers, maintains similar views with regard to the common law, p. 360. Judge Story, in his work

on Agency, acquiesces in the common law, as applied in the cited cases, and inclines to the opinion, that that law is not liable to the reproach to which a difference from the civil law on this point would subject it, and that the systems may be reconciled, and that where the act, notwithstanding the death of the principal, can and may be done in the name of the agent, his death should not be deemed to be a positive revocation under all circumstances, and that a subsequent execution of it may be valid; but that, where the act is required to be done in the name of the principal, the same objection would seem to be to it in the foreign law as does in our law; and that the difference on this subject between our law and the latter seems to rest, not so much upon a difference of principle, as upon the difference in the modes of executing the authority; p. 495.

In the case under consideration, the notes left with Page & Bacon were in the possession of Nicholson. He could impart an equitable interest in them without using the name of Doughty. Page & Bacon, to maintain their defence insist on no act of the agent in the name of the principal. Nicholson may be regarded as a factor of Doughty, with authority to pass the notes by delivery, so as to warrant Page & Bacon in receiving the money due on them. To hold that this transaction is void, would shock the sense of justice of every man, and we cannot be persuaded, that a principle which would produce such a result, should be applied to the facts which exist in this case. The judgment is reversed, the other Judges concurring.