# Maule *versus* Ashmead.

In a lease for a term of years, even by parol, is implied a contract for quiet enjoyment, and if through the act of the lessor the tenant is removed before the expiration of the term, without fault on his part, he is entitled to damages.

ERROR to the District Court, *Philadelphia.*

This was an action of *assumpsit* by John Maule to the use of Felton Bartle *v.* C. Ashmead, administrator of the estate of Rebecca Peiffer, deceased. A verbal lease of a piece of land was made in April, 1845, by Rebecca Peiffer to John Maule, for five years, to run from the 1st of April, 1845, at a rent of $100 for the first year, and $150 for each of the other four years. In pursuance of the lease Maule took possession in the spring of 1845. He continued in possession for about ten months, and then transferred his lease to Felton Bartle, for $313, including the stock then on hand. Bartle took possession and continued therein for about three years. It was alleged that he was a good farmer, kept stock, and put on the land a good deal of manure; and thus considerably increased the value of the land.

The land had belonged to *George Peiffer*, who, in 1834, died intestate. Whether he left children did not appear. In July 1847, the petition of Rebecca Peiffer, as administratrix, was pre-

[Maule v. Ashmead.]

sented to the Orphans' Court, stating that George Peiffer died indebted, and did not leave personal estate to pay his debts, and praying for an order of sale of the land above referred to.   An order of sale was granted, and on the 8th September, 1847, the land was sold, and the sale was confirmed on 14th September, 1847.   A deed was executed by her to Bunting, the purchaser, dated 9th October, 1847, which did not contain any reservation in favor of Maule.   Bunting conveyed to Steinmetz, and a notice by him, dated 18th December, 1847, was served on Bartle to quit the premises on or before the 1st April following, or pay at the rate of $300 per year, &c.   Possession of the land was got by Steinmetz on the 1st April, 1845.

After this evidence was given, STROUD, J., directed a nonsuit, which the Court, in banc, refused to take off.

The entry of the nonsuit and refusal to take it off, was the subject of the assignment of error.

*Todd*, for plaintiff in error.—*Possession* taken of land under a lease for more than three years takes the case out of the statute: 1 *Swanston* 172; 3 *W. & Ser.* 61–2; 2 *Rawle* 53; 1 *Pet. C. C. Rep.* 388; 14 *Ser. & R.* 267; Allen's estate, 1 *W. & Ser.* 389. But though *specific performance* of a lease for a longer period cannot be enforced, damages may be recovered for breach of the contract: *Rob. Dig.* 425–6; 1 *Bin.* 455; 4 *Dal.* 152; 1 *W. & Ser.* 387; 7 *Watts* 530–2; 10 *Id.* 389; 3 *W. & Ser.* 62.

*Johnson*, with whom was *Campbell*, for defendant in error.—It was contended that the effect of the lease was to create a tenancy only *from year to year*: *L. Lib.* vol. 44, p. 117–118; 3 *Watts* 135.

It was contended that the lease did not amount to a contract that the tenant should not be *evicted* within the five years; that on a conveyance of land without warranty or covenant of title, the purchaser could not have an action against the seller if the title fail: 1 *Johns.* 577; 2 *Caine* 191–4; 19 *E. C. L.* 194; 6 *Mees. & W.* 458; 1 *John Ch.* 577.   No action lies against a lessor except on his express contract for quiet enjoyment or on the covenant implied by law from the word *demisi*, &c., in a deed: 1 *Saunders* 322 a, note 2.   The lessor was but administratrix and had no power to lease, and the lessee was not obliged to remain.

The opinion of the Court was delivered by

BLACK, C. J.—A farm was leased for five years.   The tenant went into possession and improved the property at great expense of money and labor, so that its produce for the last two years would have been worth much more than it was at any time pre-

[Maule *v.* Ashmead.]

vious. But at the end of three years he was turned out, and he brings this action to recover compensation for his loss.

This is one of those hard cases which sometimes are said to make bad precedents. But every member of the Court is clearly of opinion that the law of the case, as well as its merits, is with the plaintiff, and that his technical right to recover is not less plain than the justice of his demand.

It is not denied that the word *demisi* in a lease implies a covenant for quiet enjoyment during the term. That word was not used here, for the lease was made by parol, and the parties did not understand Latin. But the word *lease* is a fair translation of *demisi*, and ought to be and is interpreted in the same way by the Courts (*Rawle on Cov.* 362, 5 *Bouv. Bac.* 601, *Croke's Eliz.* 33).

Judgment reversed and *venire de novo* awarded.