## JOSEPH P. MARTIN *vs.* NEHEMIAH HUNT.

The death of one of two joint contractors who had agreed to employ the plaintiff as agent to sell articles manufactured by them under letters-patent, until the validity thereof should be legally determined, does not discharge the survivor from the obligation of the contract.

CONTRACT upon an agreement in writing setting forth that the plaintiff had conveyed to the defendant and F. A. Houghton two undivided third parts of certain letters-patent owned by him, and that, in consideration thereof, they had agreed to employ him as their agent, until the letters-patent should be legally established or invalidated, to sell the articles manufactured under the same, at the rate of one hundred dollars a month; but that they afterwards refused so to employ him, or to pay him. At the trial in the superior court, it appeared that Houghton died a few months after the agreement was made, and *Brigham,* J. ruled that the liability of the defendant was thereby terminated; and damages were assessed, accordingly, only up to that time. The plaintiff alleged exceptions.

*B. C. Moulton,* for the plaintiff.

*A. C. Washburn,* for the defendant.

DEWEY, J. The measure of damages in the present action is not limited to breaches that may have occurred prior to the death of F. A. Houghton. This was a joint contract, and the decease of one of two joint contractors does not discharge the survivor in a case like the present. There is nothing in the nature of this contract to excuse the defendant from its full performance. There is nothing here stipulated to be performed that cannot be properly performed by the survivor. The death

of a single promisor is, in general, no revocation of an agree-
ment. If a purchaser orders goods, and dies before the time
of delivery, his executors must receive and pay for the same,
although the particular purpose of the purchase was defeated
by the death of the purchaser. *Wentworth* v. *Cock*, 10 Ad. &
El. 42.

There is a well known class of cases where the rule is differ-
ent, and the death of one of the parties discharges the contract,
or excuses its further performance. Such is the case where the
engagement is of a strictly personal character, requiring personal
skill or capacity; as a contract to write books for a publisher,
or a contract by a physician to cure a particular disease, and
the like.

In looking at the present contract, we find that the defendant
and his associate and joint contractor received from the plaintiff
a valuable consideration for their promise, by a conveyance to
them of a certain interest in a patent right; and they, in return,
promised to employ him for a certain compensation to be paid
to him. The decease of Houghton, and the difficulty of con-
tinuing their joint operations, may embarrass the surviving con-
tractor, and render it less desirable to continue to perform the
contract with the plaintiff. But all that is stipulated to be done
may be done by the survivor. He assumed that responsibility
as a joint promisor; and neither the insolvency nor the death of
his co-promisor can discharge the contract, or release the defend-
ant from the obligation he has assumed. 1 Parsons Con. 111.
Chit. Con. 98.

The damages should therefore have been assessed to the date
of the writ. *Exceptions sustained.*