# Wilson *v.* Sale, Appellant.

*Landlord and tenant—Covenant for quiet enjoyment—Eviction.*

1. The implied covenant for quiet enjoyment in a lease is broken, where the lessee, without fraud or collusion after a suit has been brought against him by a third person asserting a paramount title, yields possession to such person, and on the trial of an issue between him and the landlord proves that the third person had title paramount.

2. Where a lessee is evicted from a portion of the land demised, he may in an action against him by the landlord to recover rent which had accrued after the eviction set up the eviction as a defense, although the deeds of both the lessor and the person having the paramount title to the portion of the land from which the lessee was evicted are of record. In such a case the lessee has a right to rely upon the lessor's representations as to the location of the demised premises and the covenant of quiet enjoyment, and is under no duty to search the records to ascertain whether the lessor had good title.

*Landlord and tenant—Parol evidence—Evidence—Location of land.*

3. Parol evidence may be given to explain a written lease so far as to give locality and identity to the subject-matter, and apply the contract to it.

*Principal and agent—Scope of authority—Misrepresentations.*

4. In determining whether a principal is responsible to third persons for the misrepresentations of his agent, it is the apparent scope of the agent's authority, and not his actual instructions, that must govern. This rule applies where an agent of a lessor gives a wrong description of the land to the lessee.

*Landlord and tenant—Eviction—Rent.*

5. Where a lessee is evicted from the most valuable portion of the land demised, he cannot subsequently be compelled to pay any portion of a quarter's rent, where it appears that distraint had been made for the entire quarter's rent, and the lessor offers no evidence from which the jury could ascertain the proportionate rental value of the premises retained by the lessee.

Argued Oct. 13, 1909. Appeal, No. 145, Oct. T., 1909, by defendants, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1908, No. 2,869, on verdict for plaintiff in case of William B. Wilson v. George T. Sale, Agent for Alma V. Anderson, Landlord, and Maurice Levy, Constable. Before RICE, P. J., HEN-

DERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Replevin for goods distrained for rent. Before CARR, J.

The facts are stated in the opinion of the Superior Court.

At the trial plaintiff was asked the following question:

"Q. Before you went into possession, please tell the court and jury whether Sale pointed out to you the land you were leasing?"

Mr. Edwards: That is objected to as immaterial and irrelevant.

Objection overruled. Exception noted for defendants by direction of the court. [4]

The Court: "Q. What happened? What did Sale do? Did he take you on the ground and show you the place? A. He went right on the ground and pointed the ground out to me at the place. He had to be there anyhow, he was making alterations, and he came around and pointed out to me the ground. We lived next to it, and I wanted to know where the ground was, because I knew they had divided it up, and he went over the ground and pointed it out to me."

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for six cents damages. Defendants appealed.

*Errors assigned* among others were (3) in giving binding instructions for plaintiff, and (4) ruling on evidence, quoting the bill of exceptions.

*George J. Edwards, Jr.*, for appellants.—Wilson had constructive notice of the Anderson and Kindred titles: Hill v. Epley, 31 Pa. 331; Ogden v. Porterfield, 34 Pa. 191; Maul v. Rider, 59 Pa. 167; Shepheard v. Beetham, L. R. 6 Ch. Div. 597; Hackett v. School Dist., 150 Pa. 220.

This is an attempted action of deceit under the guise of replevin and no evidence has been offered connecting Alma. V. Anderson with any representation made by Sale: Keefe v. Sholl, 181 Pa. 90; Freyer v. McCord, 165 Pa. 539; Grauel v. Wolfe, 185 Pa. 83; Cox v. Highley, 100 Pa. 249.

*William H. Peace,* for appellee.—Appellant's effort to denominate this case, as based upon Sale's deceit, is also a misapprehension of the lessee's legal rights, even though Sale's principal had no knowledge of his false representation: Griswold v. Gebbie, 126 Pa. 353.

A lease is an entire contract, and if a tenant be evicted from a portion of the demised premises the entire lease is suspended: McClurg v. Price, 59 Pa. 420; Hoeveler v. Fleming, 91 Pa. 322; Seabrook v. Moyer, 88 Pa. 417.

Physical expulsion is not now considered necessary to constitute an eviction: Ross v. Dysart, 33 Pa. 452; Gallagher v. Burke, 13 Pa. Superior Ct. 244; Hamilton v. Cutts, 4 Mass. 349; Greenvault v. Davis, 4 Hill (N. Y.), 643.

OPINION BY RICE, P. J., March 3, 1910:

In this action of replevin the defendant Sale filed an affidavit of defense on behalf of the other defendant as well as himself, in which he admitted the taking of the goods by virtue of a warrant of distress issued by him to the other defendant, a constable, for the collection of rent alleged to be in arrear under a lease to the plaintiff, in which George T. Sale, agent for Alma V. Anderson, owner, was described as lessor. The premises were described as "all that certain piece of ground consisting of about fifty acres and having thereon dwelling and out-dwellings, situate at the corner of Cottman Street and Castor Road, the same being a portion of the Ward farm." On the trial of the case the plaintiff testified, under objection and exception, that prior to the execution of the lease Sale, at his request, went with him to the land at the corner of Cottman street and Castor road and pointed out to him the bounds of the Anderson portion of the Ward farm intended to be embraced in the lease. The plaintiff was corroborated by other witnesses who were present at the execution of the lease. Indeed it is an undisputed fact that the land which the plaintiff went into possession of under the lease was the land which Sale pointed out and represented to him before and at the execution of the lease as the land he was leasing. The plaintiff continued in the occupancy of the

premises and paid the rent for two years and more, when one Charles F. Kindred notified him that sixteen acres of the tract belonged to him, charged the plaintiff with being a trespasser and brought an action of trespass against him. The defendant being notified by the plaintiff of Kindred's claim and suit replied: "To tell you the truth I do not know where Anderson's ground is myself." Thereupon the plaintiff vacated the land claimed by Kindred, and on the trial of this case the fact of Kindred's paramount title to the sixteen acres was conclusively established. It was also shown that this was the most valuable part of the demised premises, but no evidence was introduced by the defendant from which the proportionate relative value of the premises of which the plaintiff retained possession could be ascertained. The distress was for an entire quarter's rent which by the terms of the lease accrued subsequently to the plaintiff's vacation of the sixteen acres under the circumstances above stated.

One instance of a breach on the part of a lessor of the implied covenant for quiet enjoyment is where the lessee is lawfully evicted through a defect in the lessor's title by one having title paramount to the lease. Physical expulsion by force or legal process is not always necessary to enable the lessee to plead the breach. In Brown v. Dickerson, 12 Pa. 372, it was held that a covenant for quiet enjoyment is broken by a sheriff's sale under a paramount legal incumbrance, although one of the assignees of the covenantee purchases the property and there is no other ouster. So in Ross v. Dysart, 33 Pa. 452, it was declared: "Nor is it necessary for the tenant to be actually removed from the premises to give him a good defense against rent. Writs of habere facias possessionem are well executed when the tenant attorns to the plaintiff therein. And the taking of a lease or contract of purchase under pressure of such writ, where there is no fraud or collusion, is an actual eviction in law, which dissolves the relation between the tenant and his original landlord." It requires no undue extension of the principle of these cases to apply it where, after hostile assertion by a third person of a paramount title, particularly by suit brought, the lessee without fraud or col-

lusion yields thereto and on the trial of the issue between him and the landlord proves that the third person had title paramount: Jackson & Gross on Landlord and Tenant, sec. 1009, citing Greenvault v. Davis, 4 Hill (N. Y.), 643; Hamilton v. Cutts, 4 Mass. 349.

But it is argued that the plaintiff could not set up the eviction as a defense to the rent or any part of it because the Anderson and Kindred deeds were on record, and many cases are cited to show that a recorded deed is constructive notice to those who are bound to search for it. The principle would be applicable in a dispute between the plaintiff and Kindred, but not to annul the lessor's positive representations as to the location of the demised premises and the covenant of quiet enjoyment. The lessee had a right to rely upon these and was not in duty bound to search the record to ascertain whether the lessor had a good title. If the evidence would have justified a finding that the lessee accepted the lease with actual knowledge of the title and at his own risk the case might have been different: Kemble Coal & Iron Co. v. Scott, 90 Pa. 332; Same v. Same, 15 W. N. C. 220. But there was no evidence which would have warranted the submission of that question to the jury.

Complaint is made of the admission of evidence of what took place between the parties immediately before and at the execution of the lease, but there is no well-founded objection to this evidence. Upon reading the description in the lease it will be seen that the evidence did not contradict or alter the written agreement between the parties, and it was admissible under the well-established rule that parol evidence may be given to explain a written agreement, so far as to give locality and identity to the subject-matter, and apply the contract to it: Bertsch v. Lehigh Coal & Navigation Co., 4 Rawle, 130; Ranney v. Byers, 219 Pa. 332; Boice v. Zimmerman, 3 Pa. Superior Ct. 181. Many other cases wherein the principle has been recognized and applied might be cited, but it is unnecessary. Nor was the evidence inadmissible upon the ground that it was not preceded or followed by evidence that Mrs. Anderson authorized or knew of the representations

made by Sale. "The general rule that a principal is responsible for the misrepresentations of his agent within his authority, is beyond question, and the better opinion is that as to third persons affected by his acts or words, it is the apparent scope of his authority, and not his actual instructions, that must govern. That is the basis on which the business of the world in the present day is transacted, and the rule should be enforced in a liberal spirit, with regard to the actual habits of the community. That an agent who is empowered to engage a real estate broker to make sale of a country seat, is thereby authorized to give the broker a description of the place, including its acreage, is so clear, that the learned judge would have been justified in submitting the point to the jury in terms much stronger against the defendant below than he did:" Griswold v. Gebbie, 126 Pa. 353. The principle of that case is applicable here. Moreover, there was payment and acceptance of rent for a considerable length of time, while the plaintiff was in the open and visible occupancy of the land he had been put in possession of. The contention that the plaintiff must go on paying the entire rent reserved, notwithstanding he was evicted from the most valuable portion of the land demised, and that his only remedy is by an action of deceit against Sale, cannot be sustained in view of all the evidence.

It might be said, although the point has not been argued by appellant's counsel, that as the plaintiff retained possession of a portion of the demised premises he would be liable for a proportionate part of the rent at least. This might be so in an action for use and occupancy, but we think such liability cannot be enforced in this action where distraint was made for the entire quarter's rent, and where it appears that the plaintiff has been evicted from the most valuable part of the demised premises by a paramount title, and where there is no evidence furnished by the lessor from which the jury could ascertain the proportionate rental value of the premises retained by the plaintiff.

Upon the whole case we are of opinion that the judgment was properly entered for the plaintiff. The assignments of error are overruled and the judgment is affirmed.