# Einfeld *v.* Shermer, Appellant.

*Landlord and tenant—Wrongful eviction—Foreclosure of mortgage—Fraud—Covenant for quiet enjoyment.*

1. Where a landlord owning a property subject to a mortgage of comparatively small amount, executes a lease for a term of years with implied covenant for quiet enjoyment, and during the term deliberately instigates, procures, assists and expedites the foreclosing of the mortgage for his own purposes and profits, with the result that the property is sold at sheriff's sale, and the tenant in order to avoid an actual eviction attorns to the purchaser at the sheriff's sale at a largely increased rent, the landlord will be liable to the tenant in damages for the loss sustained by the latter.

2. In every lease there is an implied covenant of quiet enjoyment, and such covenant is applicable against both paramount and derivative titles.

3. In case of an eviction a tenant may recover on an implied covenant for quiet enjoyment, only expenditures, if the eviction be under a title paramount; but this rule does not apply if the eviction is aided, instigated, procured, assisted or expedited by the landlord or if the landlord is guilty of any fraud, artifice or collusion in the matter. In such a case the measure of damages is for the value of the balance of the term of which the tenant is deprived.

4. Where a tenant, after a sale of the leased premises in foreclosure proceedings instigated by the landlord, has been compelled to take a lease from the purchaser at a largely increased rental, the tenant in an action against his former landlord may offer the lease in evidence, and it will be admitted not as proof of the rental value of the premises, but for the purpose of limiting the amount which he may recover to the sum named in the lease.

*Practice—Parties—Joint defendants—Nol. pros.*

5. In actions on contracts, as distinguished from real actions a nol. pros. may at any time be entered as against one or more of several joint defendants.

*Principal and agent—Execution of lease—Death of principal.*

6. Where several tenants in common give written authority to an agent to execute a lease and one of the principals dies before the lease is executed, a lessee who signs the lease after such death and in ignorance of it, is not a tenant at will, but is entitled to the benefit of the provisions of the lease; and this is especially so where the lessee makes improvements on the premises, pays the rent for several years, and all persons entitled to the rental accept it.

*Landlord and tenant—Prior incumbrance—Breach of implied covenant —Quiet enjoyment.*

7. The knowledge of the lessee that there is an outstanding mortgage on demised premises, does not prevent a recovery for the breach of the implied covenant of quiet enjoyment resulting from the foreclosing of the mortgage.

8. Where leased premises have been sold at sheriff's sale under foreclosure proceedings, and the lessee has been served with notice to quit, he may, to avoid actual eviction, attorn to the purchaser without losing his right to recover damages from his former landlord for the breach of the covenant of quiet enjoyment.

*Practice, C. P.—Parties—Nonjoinder of parties.*

9. Where the plaintiff has failed to include an interested party as a defendant, the defendants who are sued must raise the question of nonjoinder by a plea in abatement; they cannot raise the question at the trial or after a trial on the merits.

*Landlord and tenant—Wrongful eviction—Premature suit.*

10. Where a tenant has been compelled to attorn to a purchaser at a sale in foreclosure proceedings, he may bring suit against his former landlord for breach of the covenant for quiet enjoyment, as soon as the purchaser has given him notice to vacate the premises.

Argued Oct. 13, 1913. Appeal, No. 44, Oct. T., 1913, by defendants, from judgment of C. P. No. 1, Phila. Co., March T., 1911, No. 3,046, on verdict for plaintiff in case of William J. Einfeld v. Joseph H. Shermer et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for breach of an implied covenant for quiet enjoyment. Before BRÉGY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $672. Defendants appealed.

*Errors assigned* were in the following form:

1. The learned judge erred in admitting in evidence the lease from Sigmund Apfelbaum to William J. Einfeld, dated January 1, 1911, and containing a covenant

for the payment of a rental of $1,350 a year by the lessee to the lessor.

2. The learned judge erred in admitting in evidence the letter from Samuel W. Pennypacker to Frank P. Prichard, Esq., which letter is as follows:

"October 17, 1910.

"Dear Sir:

"I see that in the matter of the Shermer Estate, which you offered at Sheriff's sale on the first Monday of this month, the purchaser has not complied with the bid. As representing several of the terre-tenants, may I suggest to you that it is desirable to have the sale made as promptly as may be convenient, and I suggest that you require the payment say of $500 at the next sale, which will probably insure compliance with the bid made.

"Yours very truly,

"SAM'L W. PENNYPACKER.

"To FRANK P. PRICHARD, ESQ.,

"Land Title Building,

"Philadelphia."

3. The learned judge erred in overruling the defendants' first point for charge, which point was as follows:

As the plaintiff in this case instituted suit against Joseph H. Shermer, John B. Shermer, Isabella D. Bowen, Margaret M. Coffin, and Edward S. Parrott, executors, the suit was improperly brought, and the error is not cured by the entry of a nol. pros. as to Margaret M. Coffin and Edward S. Parrott, executors, and your verdict, therefore, must be for the defendants.

4. The learned judge erred in overruling the defendants' second point for charge, which point was as follows:

As the only written authority to A. G. Murphy to make the lease, for the breach of which this suit is brought, was a letter of attorney executed December 1, 1890, by Joseph H. Shermer, A. Harry Bowen, and Isa-

bella D. Bowen, his wife, John B. Shermer, and Edward C. Miller, and Mary E., his wife, and as Mary E. Miller, one of the principals, died in the year 1894 prior to the execution of the said lease, the authority to A. G. Murphy to act as agent was terminated, and the said A. G. Murphy had no authority to make the said lease for the defendants, and your verdict, therefore, must be for the defendants.

5. The learned judge erred in overruling the defendants' third point for charge, which point was as follows:

As the said A. G. Murphy had no authority to make the said lease, the said plaintiff was a tenant at will and his tenancy was ended by the sale under the foreclosure of the mortgage and your verdict must be for the defendants.

6. The learned judge erred in overruling the defendants' fourth point for charge, which point was as follows:

As the plaintiff entered into possession of the premises under lease of August 9, 1906, and he had legal notice of the existence of the mortgage of April 1, 1876, and had legal knowledge of the fact that the said estate was subject to the said mortgage, and if any injury was suffered by him, it was damnum absque injuria, and your verdict must be for the defendants.

7. The learned judge erred in overruling the defendants' fifth point for charge, which point was as follows:

As there was no eviction under the lease, there was no breach of contract by the defendants, and your verdict must be for the defendants.

8. The learned judge erred in overruling the defendants' sixth point for charge, which point was as follows:

As the plaintiff before any eviction and during the existence of the alleged lease attorned to the purchaser, at the sheriff's sale, Sigmund Apfelbaum, your verdict must be for the defendants.

9. The learned judge erred in overruling the defendants' seventh point for charge, which point was as follows:

As the heirs at law, as set forth in the alleged lease were Joseph H. Shermer, John B. Shermer, Isabella D. Bowen, Edward C. Miller, tenant by courtesy, of the estate of his deceased wife, Mary E. Miller, deceased, and Rebecca S. Miller, the only child of the said Mary E. Miller, deceased, and a minor at the time of the execution of the alleged lease, the plaintiff has failed to join all the parties to the alleged agreement, and as the alleged contract of lease is a joint contract, there can be no recovery against some without a recovery against all, and your verdict, therefore, must be for the defendants.

10. The learned judge erred in overruling the defendants' eighth point for charge, which point was as follows:

As the plaintiff in this case seeks damages for the breach in the contract of lease of an implied covenant of quiet enjoyment of the premises from January 1, 1911, to January 1, 1912, and as this suit was commenced April 15, 1911, before the year expired, the said suit was prematurely brought, and your verdict must be for the defendants.

11. The learned judge erred in overruling the defendants' ninth point for charge, which point was as follows:

The plaintiff in this case has failed to prove that the defendants instigated, expedited and procured the foreclosure of the said mortgage, and he is, therefore, only entitled, if at all, to nominal damages.

12. The learned judge erred in overruling the defendants' tenth point for charge, which point was as follows:

The plaintiff has suffered no damage in this case, and your verdict must be for the defendants.

13. The learned judge erred in overruling the defendants' eleventh point for charge, which point was as follows:

Under all the evidence in this case, the verdict must be for the defendants.

14. The verdict was contrary to the evidence.

*Samuel   W.   Pennypacker*, with him *Winfield   W. Crawford,* for appellants.

*Horace Stern*, with him *Morris Wolf*, for appellee.

OPINION BY MORRISON, J., February 20, 1914:

From the testimony and conceded facts we feel warranted in assuming that the jury found, substantially, the following facts: John A. Shermer, owning the property at the northeast corner of Eighth and South streets, Philadelphia, gave a mortgage thereon for $5,000, dated April 1, 1876, payable one year after date. He died intestate, prior to December 1, 1890, and on that day Joseph H. Shermer, Isabella D. Bowen, John B. Shermer and Mary E. Miller, his heirs, gave a power of attorney, under seal, to Abner G. Murphy, authorizing him to lease, inter alia, the said premises at Eighth and South streets as "from time to time may be requisite."

Under said power of attorney Mr. Murphy executed a lease, in writing, to William J. Einfeld, the plaintiff, on August 9, 1906, for a certain portion of said premises, for a term of five years from January 1, 1907, at a rental of $720 a year. Einfeld entered into possession and made valuable improvements on the demised premises.

On February 8, 1910, the heirs of John A. Shermer entered into an agreement to sell the premises to one Charles Krengel for $27,000, but it was found that the wife of one of the heirs refused to sign the deed. The heirs thereupon consulted counsel and they decided to have the mortgage on the property foreclosed. They then notified their agent, Jerome B. Jardella, who had been collecting the rents and managing the property for them, not to pay the mortgage interest when it next became due and also notified the holder of the mortgage that the interest would not be paid. The mortgage being for a small sum compared to the value of the property,

the income from the property was ample to pay the interest on the mortgage and leave quite a large sum in excess thereof for the owners. The agreement between the owners and Charles Krengel was that the property should be sold at sheriff's sale, and that Krengel should receive all that the premises brought from an independent purchaser in excess of $27,000 which he had agreed to pay for the property, or if it brought less than $27,000 he was to make the difference good to the heirs, so in any event the result would be a sale of the property, as far as the heirs were concerned, for $27,000. During the course of the foreclosure proceedings, the owners, heirs of Shermer, expedited the proceedings and through their counsel requested the mortgagee to proceed with the sheriff's sale of the premises.

At the sheriff's sale the property was bought by one Sigmund Apfelbaum for $32,500, and a sheriff's deed was made to him, December 27, 1910. He thereupon brought proceedings to evict Einfeld, the plaintiff, from the latter's tenancy in accordance with the provisions of the Act of April 20, 1905, P. L. 239. Einfeld gave notice to the heirs of Shermer, owners, of the proceedings against him by Apfelbaum and called upon the heirs to defend him in the proceedings, if any defense could be made. The heirs paid no attention to Einfeld's request and of course it is not apparent that they could have made any successful defense. Einfeld was obliged to choose between an actual eviction and an attornment to Apfelbaum, and accordingly made a new lease with Apfelbaum for the remainder of the original term.

The plaintiff brought this suit against the Shermer heirs to recover the difference between the rental value of the property when he rented it from Apfelbaum, and the price which he was paying under his original lease. Experts testified to a difference of about $700 per year, the property in the neighborhood having advanced in value during the four years of the plain-

tiff's term which had elapsed  The  jury  rendered a verdict of $600, with interest, in all $672.

Under the facts we think appellee's counsel has fairly stated the questions involved as follows: "Where a landlord owning a property subject to a mortgage, executes a lease with implied covenant for quiet enjoyment, and during the term thereof deliberately instigates, procures, assists and expedites the foreclosing of said mortgage for his own purposes and profit, with the result that the property is sold at sheriff's sale, and the tenant suffers an eviction in law, can the tenant recover from the landlord damages for the loss of the balance of the term of which he has been deprived?"

It appears to be conceded by appellants' distinguished counsel that Einfeld's lease impliedly contained a covenant of quiet enjoyment, and this certainly is the law. In Pennsylvania, in every lease there is an implied covenant for quiet enjoyment, and this rule applies even to a parol lease: Maule v. Ashmead, 20 Pa. 482. In Duff v. Wilson, 69 Pa. 316, Mr. Justice SHARSWOOD said: "In every lease there is an implied covenant of quiet enjoyment." To the same effect is Ross v. Dysart et al., 33 Pa. 452; Lanigan v. Kille, 97 Pa. 120. This implied covenant of quiet enjoyment is as against everybody, that is, against both paramount and derivative titles.  It must, therefore, apply to the present case where the eviction was under a title paramount to that of the landlord: Jackson & Gross on Landlord & Tenant in Pennsylvania, secs. 934–935 (pp. 490–491); Mitchell on Real Estate & Conveyancing in Penna., pp. 439–440. From these authorities and many others the plaintiff, under the facts in the present case, undoubtedly had at least a technical right of action against the defendants and this would entitle him to recover at least nominal damages, and this principle alone disposes of all of the assignments of error, except the first, second, eleventh and fourteenth, because, with these exceptions, each

assignment requested a binding instruction in favor of the defendants.

As to the measure of damages in such cases the general rule in most of the states is that in case of an eviction the tenant can recover on the implied covenant for quiet enjoyment damages equivalent to the value of the balance of the term of which he has been deprived: 24 Cyc. 1136; 1 Tiffany on Landlord and Tenant, pp. 538–539. But this rule does not obtain in New York and Pennsylvania, where a more stringent rule is in force, that is, if the eviction be under a title paramount, owing to a defect in the landlord's title, the tenant can recover only actual expenditures, but not the loss of the value of the term. But in these states, if the eviction is aided, instigated, procured, assisted or expedited by the landlord, or if the landlord is guilty of any fraud, artifice or collusion in the matter, the measure of damages becomes the value of the balance of the term of which the tenant is deprived, that is, the difference between the rent under the lease and the rentable market value of the property at the time of the eviction: Lanigan v. Kille, 97 Pa. 120. That case appears to be the leading one in Pennsylvania establishing the exception to the general rule. That case quotes with approval from the opinion of EARL, Chief Justice, in Mack v. Patchin, 42 N. Y. 167. The latter case has been followed and approved in Re Strasburger, 132 N. Y. 128, and Friedland v. Myers, 139 N. Y. 432.

In the present case we think the testimony brings it well within the exceptions noted in Mack v. Patchin and adopted in Lanigan v. Kille, 97 Pa. 120. It does not appear that any demand had been made for the payment of the mortgage. The income was enough to pay the interest on it and to pay the heirs a nice income in addition. The appellants had to admit that it was themselves, and not the mortgagee, who desired the mortgage foreclosed and that it was done to serve their own purpose and in fulfillment of the plans which

they had arranged with their own counsel. We here call attention to the testimony of Joseph H. Shermer, one of the defendants, to wit: "Q. And therefore you did not pay the interest with the intent purpose that the mortgage should be foreclosed? A. Yes, sir."

The evidence fully warranted the jury in finding that the defendants procured and instigated the foreclosing of the mortgage, and they also expedited it (see the letter of their counsel quoted in the second assignment of error). In that letter the distinguished counsel said: "As representing several of the terre-tenants, may I suggest to you that it is desirable to have the sale made as promptly as may be convenient."

In Baker v. O'Callaghan, 31 Leg. Int. 69 (same case reported in 21 Pitts. L. J. 140), the Supreme Court, in affirming a judgment rendered in the district court of Philadelphia, in a per curiam opinion, said: "A candid reading of the whole charge together creates a very different impression of its merits than the exceptions assigned for error would produce. The conduct of Mrs. Baker in her sale of the property over the head of the tenant, and using the sheriff's sale to dispossess him, while she received the benefit of the private sale over and above the sheriff's sale, was strong evidence of a fraudulent intent. If the jury believed she caused the loss of her tenant's term by her fraud and misconduct she cannot complain of the measure of damages. Fraud constitutes the exception to the general rule as to recovery under such covenants as this." It seems to us, under the adjudicated cases and the testimony, that the plaintiff in the present case can recover the real damages which he suffered by reason of the lessor's breach of the covenant for quiet enjoyment: Bitner v. Brough, 11 Pa. 127; Thompson v. Sheplar, 72 Pa. 160; Vernam v. Wilson, 31 Pa. Superior Ct. 257.

In Mack v. Patchin, 42 N. Y. 167, it is said: "It would be a gross wrong if a landlord could thus conspire and assist in turning his tenant out of possession of

demised premises and the latter be limited in his action upon his covenant for quiet possession, to mere nominal damages." We think this doctrine applies with force to the present case in view of the large value of the property and the comparatively small amount of the mortgage. It would have been easy for the defendants to have protected the plaintiff in the enjoyment of his lease for the remaining year of its term, but instead of so doing we have already seen that the defendants were willing and anxious that the mortgage should be foreclosed and the property sold so that they could realize the fruits of their bargain which entitled them to receive $27,000 for the mortgaged property.

· The first assignment of error complains of the admission of the lease of Apfelbaum to the plaintiff because it contained a covenant for the payment of a rental of $1,350 a year. But this lease was not offered nor admitted as proof of the rental value of the premises, but it was admitted for the purpose of limiting the amount which the plaintiff could recover to that sum. For the limited purpose for which it was admitted by the court, we think it was proper. .

The second assignment complains of the admission of the letter from counsel urging that the sale be promptly made, under the mortgage. We have already referred to this letter and we consider it competent evidence for the purpose of showing that the defendants were aiding, assisting and expediting the sale of the premises.

The third assignment complains that the trial judge erred in not charging the jury that the plaintiff had no right to enter a nol. pros. as to one of the parties against whom the suit was originally brought. In support of this assignment appellants' counsel cite Power v. Power, 7 Watts, 205, but that was an action in partition and we find that it has been well decided that in actions on contracts, as distinguished from real actions, a nol. pros. may at any time be entered as against one or more of several joint defendants: Hosie v. McCann, 2 Penny-

packer, 133.   Such a nol. pros. may be entered even after verdict: Ganzer v. Fricke, 57 Pa. 316; and a nol. pros. may be entered in the appellate court: Ward et al. v. Taylor, 1 Pa. 238.   In the present case the nol. pros. was promptly filed even before the plaintiff's declaration.

The fourth and fifth assignments complain that the trial judge erred in not instructing the jury that the authority to Murphy to execute the lease to the plaintiff was terminated by the death of one of the Shermer heirs before the execution of the lease and that Murphy having therefore no authority to make the lease, the plaintiff was merely a tenant at will.   In reply to this assignment appellee's counsel contends that it is not true in Pennsylvania that the death of one of several joint principals terminates the agency in all cases; that this is especially true where a third person deals with the agent in ignorance of the death of one of the principals, and even if there were no authority in the agent, the making of the lease was amply ratified by the defendants in sufficient compliance with the statute of frauds.   As to the first point counsel cite Martin v. Hunt, 83 Mass. 418; Grapel v. Hodges, 112 N. Y. 419, and Fereira v. Sayres, 5 W. & S. 210.

Upon the point that the agency is not terminated where the third person does not know of the death of the principal, counsel cite the following cases from other jurisdictions: Carriger v. Whittington, 26 Mo. 311; Murdock v. Leath, 57 Tenn. 166; Ish v. Crane, 8 Ohio St. 520; Davis v. Lane, 10 N. H. 156; Dick v. Page, 17 Mo. 234; Moore v. Hall, 48 Mich. 143.   In Pennsylvania the rule on this subject seems to be established in Cassiday v. McKenzie, 4 W. & S. 282.   In that case, ROGERS, J., said: "If, by this case . . , . it is meant merely to decide the general proposition that by operation of law the death of the principal is a revocation of the powers of the attorney, no objection can be taken to it, but if it is intended to say that this

principle applies where there was no notice of death, or opportunity of notice, I must be permitted to dissent from it." Morgan v. Stell, 5 Binney, 305, is a case bearing upon the question we are considering. In that case Mr. Justice YEATES says in the course of his opinion: "I think I am safe when I assert, that where the countermand, revocation or death of the constituent, is not generally known, nor can be traced to the knowledge of the fair lessee or purchaser, and where they cannot justly be charged with laches or negligence as to receiving information of either of those events, they ought to be protected upon every principle of sound legal policy." Grasselli Chemical Co. v. Biddle Purchasing Co., 22 Pa. Superior Ct. 426, is another authority to the same effect.

As to the point that even if there had been no original authority in the agent, the lease was ratified by the defendants, it should be noted that at the time of the breach of the lessor's covenant the plaintiff had been in possession of the premises for four of the five years of the term of the lease, and during all that time the defendants knowingly accepted the rent. Even if there had been no proper written authority in the first place, and therefore the question of the statute of frauds was involved, we think the possession of the plaintiff and the improvements made by him would have taken the case out of the statute. The plaintiff was in possession four years and made improvements amounting to several hundred dollars and the statute of frauds would not apply: 2 Reed on Statute of Frauds, p. 218. But if the agent who executed the lease had no valid written authority so to do, an action for damages would nevertheless lie on the lease: Maule v. Ashmead, 20 Pa. 482.

We do not consider the cases cited by the learned counsel for appellants in conflict with the views just expressed in a case where it is not even claimed that plaintiff had notice or knowledge of the death of one of the signers of the power of attorney. Nor is it

claimed that plaintiff ought to have known or learned of the death of such signer.

The sixth assignment of error is that the trial judge erred in refusing to charge the jury that the plaintiff lost his rights because at the time of the making of the lease the prior mortgage was recorded, and therefore he had constructive notice thereof. This assignment cannot be sustained because it is well decided in this state that the knowledge of the lessee that there was an outstanding incumbrance does not prevent a recovery for the breach of the implied covenant of quiet enjoyment. Take the present case for an illustration—the property was worth about $30,000, and a tenant of a part of it had a right to assume that the lessors would take care of the mortgage of $5,000 and protect him in his tenancy: Funk v. Voneida and another, Exrs., 11 S. & R. 109; Cathcart v. Bowman, 5 Pa. 317; Memmert v. McKeen, 112 Pa. 315; Wilson v. Sale, 41 Pa. Superior Ct. 566.

The seventh and eighth assignments we will consider together. They are to the effect that there was no actual eviction, and the plaintiff having attorned to the purchaser, Apfelbaum, before any actual eviction, the plaintiff ought not to have been allowed to recover. The answer to these assignments is that the defendants had notice of all the proceedings brought by Apfelbaum, the purchaser, against the plaintiff, and these proceedings ended in judgment and the issuance of a writ of "habere facias." The defendants having been so notified and given a chance to intervene, they cannot now question that judgment as being conclusive. See 1 Tiffany on Landlord & Tenant, p. 534, where it is said: "In case an action is brought against the tenant by the claimant of the paramount title, the tenant may give notice to the lessor to come in and defend the action, and if he does this, a judgment in such action is conclusive in his favor as to the validity of the title of the adverse claimant." But it has many times been decided

that a paramount outstanding title is sufficient to warrant the bringing of a suit on the implied covenant for quiet enjoyment. The lessee may, to avoid eviction, attorn to a stranger entitled to the immediate possession of the leased premises. All that is necessary is the hostile assertion of an irresistible paramount title, whether that title be established by a judgment or not: 24 Cyc. 1133; Brown v. Dickerson, 12 Pa. 372; Ross v. Dysart, 33 Pa. 452; Wilson v. Sale, 41 Pa. Superior Ct. 566. In the present case it appears, as a matter of fact, that Apfelbaum received his deed to the premises from the sheriff on December 27, 1910, and the plaintiff, under the Act of April 20, 1905, P. L. 239, sec. 13, which provides that "In the case of a tenant whose right of possession is not paramount to that of such purchaser, the latter shall be entitled to recover rent from the date of the delivery of the deed," was obliged to pay rent to Apfelbaum from, on and after December 27, 1910. In other words, the plaintiff was compelled to pay rent to Apfelbaum.

The ninth assignment of error is that the trial judge erred in not instructing the jury that the plaintiff, having failed to join Rebecca S. Miller, as one of the parties defendant, could not recover in this action. But Rebecca S. Miller should not have been a party defendant, because when the lease was made she had only an interest in remainder in the property, and she was not one of the persons who made the lease. But in addition to this, even if she should have been made a party, the defendants should have raised the question of non-joinder by a plea in abatement. This is a defense which does not go to the merits, and it should have been raised by a preliminary plea. Not having done so the question could not properly be raised at the trial: Bellas v. Fagely, 19 Pa. 273; Potter & Colfelt v. McCoy, 26 Pa. 458; Collins v. Smith, 78 Pa. 423. The procedure act of May 25, 1887, P. L. 271, did not abolish pleas in abatement nor destroy the distinction be-

tween such pleas and pleas in bar: Becker v. St. Ry. Co., 25 Pa. Superior Ct. 367; Henry v. Lilley, 42 Pa. Superior Ct. 565. In Dixon, Wood and Co. v. John A. Wood et al., 22 Pa. C. C. Rep. 634, will be found a satisfactory opinion on this question by REED, P. J., of the fifty-fourth judicial district. In that case Judge REED says: "It. is well settled that the non-joinder of defendants must be taken advantage of by a plea in abatement, and to hold that this merely refers to a formal joinder would be taking cognizance of the shadow and letting go the substance." See also Johnson v. Weller, 54 Pa. Superior Ct. 481.

The tenth assignment raises the question that the suit was prematurely brought and that the plaintiff was bound to wait until the term of his lease would have expired before bringing suit. But the suit was not prematurely brought, because the breach of the covenant for quiet enjoyment occurred when the foreclosure sale 'was made and the deed for the leased premises delivered by the sheriff to Apfelbaum, the purchaser, and notice given to the plaintiff to vacate the premises. At that time the right of action was complete and the plaintiff was entitled to recover his damages for the loss in value of the balance of his term.

The eleventh assignment is based upon the proposition that the plaintiff did not prove that the defendants instigated, expedited and procured the foreclosure of the mortgage, and he is therefore only entitled to nominal damages. A sufficient reply to this assignment is that the record contains plenty of evidence to the contrary and it was fairly and properly submitted to the jury.

The twelfth assignment raises the question that the plaintiff suffered no damage in the case. It is enough to say as to this that the record contains ample evidence of the fact that the plaintiff suffered at least a loss of about $600, being rent paid under the new lease to Apfelbaum over and above that provided for in his original lease with the defendants.

The thirteenth assignment is based upon the trial judge's refusal to give binding instructions in favor of the defendants. The defendants undoubtedly broke their implied covenant for quiet enjoyment, and the plaintiff proved that he suffered actual damage by reason of this breach and we are wholly unable to see how binding instructions could have been given in favor of the defendants.

The fourteenth assignment is to the refusal of the trial judge to charge the jury that the verdict was contrary to the evidence. Upon due consideration of the evidence and the law, we are unable to discover reversible error in any of the assignments, and they are all overruled and the judgment is affirmed and appeal dismissed at the cost of appellants.