## Nicolaides v. Brown

*Henry W. Balka*, for plaintiff.
*Alfred M. Mohr*, for defendant.

ALESSANDRONI, J., April 29, 1941.—This is an action of assumpsit for the breach of an implied covenant of quiet enjoyment. Plaintiff was the lessee of a property

owned by defendant under the terms of a written agreement of lease dated October 17, 1938. The term of the lease was for a period of three years from the date thereof. Plaintiff entered into possession and paid the rental reserved by the terms of the lease up to and including June 18, 1939. At the time defendant leased the property to plaintiff, there was an outstanding mortgage of record. After entering into this lease, defendant refused to pay both interest and principal on the mortgage and, by reason of her neglect and default, foreclosure proceedings were instituted to which no defense was interposed by defendant, and the property was sold at sheriff's sale on November 6, 1939.

The above facts were established as a result of an agreed statement entered into at a pretrial conference.

It appears from the pleadings that plaintiff utilized the premises as an apartment and rooming house, having made valuable alterations and having spent substantial sums of money in purchasing the goodwill and equipment belonging to the prior tenant who conducted the premises for the same purpose. It is alleged that plaintiff was assured by defendant that the property would be protected and that he need not concern himself with the mortgage, which had been paid. It is further alleged that the income received was more than sufficient to pay the interest and principal on the mortgage and prevent a foreclosure. As a result of defendant's conduct, however, plaintiff was compelled to relinquish his leasehold interest.

In support of the averments, plaintiff testified that in the presence of defendant and her husband he purchased the goodwill and equipment from the prior tenant, and that, as a result of a demand made at that time by defendant for arrearages in rent, plaintiff hesitated to purchase a business which appeared unprofitable, but was assured by defendant that the operation of the premises as an apartment would be productive. When, in the fall of 1939, the proceedings by the mortgagee reached their

culmination, plaintiff's tenants moved out and it became impossible for him to conduct it as an apartment or rooming house any longer. There was an offer to prove the structure of the building and to show that even prior to the lease to plaintiff it was designed solely for use as a multiple dwelling.

By reason of the affidavit of defense and the position taken by the trial judge, much of this testimony was excluded. Defendant contended that, since the lease provided that the premises should be used as a dwelling and the lessee would not sublet or sublease any part thereof, and since it further provided that the written agreement of lease contained the entire understanding of the parties and that there was to be no amendment or change therein unless in writing, signed by the parties, plaintiff was precluded from introducing testimony to show that he occupied the premises for an apartment or rooming house.

The theory of plaintiff's action is that, as a result of defendant's conduct in permitting the mortgagee to foreclose, defendant was guilty of a breach of an implied covenant of quiet enjoyment. In Pennsylvania there is such a covenant in every lease, even a parol lease, and this is operative against everybody, that is, against both paramount and derivative titles: Einfeld v. Shermer, 56 Pa. Superior Ct. 4, 11; Kelly v. Miller, 249 Pa. 314, 316. That covenant, whether expressed or implied, is an independent one: Trickett on Landlord and Tenant (2nd ed.) p. 67.

It is likewise well established that ". . . a paramount outstanding title is sufficient to warrant the bringing of a suit on the implied covenant for quiet enjoyment. The lessee may, to avoid eviction, attorn to a stranger entitled to the immediate possession of the leased premises. All that is necessary is the hostile assertion of an irresistible paramount title, whether that title be established by a judgment or not": Einfeld v. Shermer, supra, at page 18.

Since the mere assertion of a paramount title constitutes a breach of the covenant of quiet enjoyment, it

is not necessary that there be a physical expulsion by force or by legal process. The lessee may yield to the hostile assertion which is established by the institution of foreclosure proceedings: Wilson v. Sale, 41 Pa. Superior Ct. 566, 569. We are of the opinion therefore that plaintiff did establish an eviction and breach of the covenant of quiet enjoyment and that his withdrawal from the premises under these circumstances was not a voluntary cessation of the agreement of lease.

The question of the measure of damages is somewhat confusing. Pennsylvania adopted the New York rule stated in Mack v. Patchin, 42 N. Y. 167, which held that where there was an eviction under a paramount title the tenant was restricted in his recovery to actual expenditures but not the loss of the value of the term unless the eviction was aided, procured, or expedited by the landlord or he was guilty of fraud, artifice or collusion: Laningan, etc., v. Kille, 97 Pa. 120; Einfeld v. Shermer, supra, at page 12. But cf. Minnich v. Kauffman, 265 Pa. 321, 323.

We believe that the testimony showing the circumstances of the eviction and the damages sustained should have been admitted. This action was not based upon a written instrument but upon an implied covenant. Since the agreement proposed to be changed by the testimony was not directly in issue, the parol evidence rule was not applicable: Green v. Green, 255 Pa. 224. A collateral writing which is not the basis of an action and is merely evidence does not give rise to the application of any rule of exclusion: Alexander v. Righter, 240 Pa. 22, 26. In Hanauer v. National Surety Co., 279 Pa. 345, the action was on a bond of suretyship which covered cash deposited in an account which was subject to withdrawals by check. Plaintiff was permitted to show that a certificate of deposit which in form was not within the scope of the bond was in fact subject to withdrawals by check as a result of an oral agreement with the cashier of the bank.

We, therefore, believe that compulsory nonsuit should not have been entered and that the motion to remove it should be granted.

### Order

And now, to wit, April 29, 1941, the motion to remove compulsory nonsuit is granted.